IN RE ESTATE OF GEORGE C. CACHELIN.
GRANT LOTHROP, APPELLANT, V. MADELINE DE WITT, APPELLEE.

FILED MARCH 16, 1933. No. 28413.

*Grant Lothrop* and *Norman Lothrop,* for appellant.

*Patrick & Smith, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

Grant Lothrop, a resident of Stanton county, Nebraska, on December 26, 1930, filed a petition in the county court for Douglas county, Nebraska, setting forth the death of George C. Cachelin, "late of Omaha, in the county of Douglas, state of Nebraska," on November 20, 1930, "leaving a last will and testament * * * now on file in this court;" also setting forth that Madeline De Witt, of Omaha, Nebraska, a daughter, and three grand-children of deceased were the only heirs at law of deceased and the sole persons interested in said estate. This petition prayed for the admission of the will to probate, and the appointment of Grant Lothrop as executor. The validity of the will was not challenged, but Madeline De Witt filed objections to the appointment of Grant Lothrop as executor. On hearing, the county court admitted the will to probate, but sustained the objections of Madeline De Witt and appointed her as administratrix with will annexed of her father's estate. From this order Grant Lothrop appealed to the district court for Douglas county where, after trial *de novo,* a judgment was entered denying his appointment. From this order Grant Lothrop prosecutes this appeal.

It may be said that appellant, as an attorney at law, drafted the Cachelin will which appears in the instant

case. It was executed by Cachelin in the presence of Mr. Lothrop and the latter's wife, who attested the same as the sole witnesses thereto. So far as the record discloses, Lothrop has no interest in the estate of the deceased, nor is he a beneficiary under the terms of the will, save and except as such interest or benefits may be created by the following words of this testamentary instrument: "Lastly, I constitute and appoint Grant Lothrop of Blair, Nebraska, to be executor of this my last will and testament," etc. It appears that Grant Lothrop has removed to Stanton county where he now resides. None of the property of said estate is situated in Stanton county, but at the time of the death of said deceased such property was wholly confined to Douglas and Washington counties. In addition to these facts, the appellee challenged Lothrop's appointment on the ground that he, "without cause, is antagonistic and hostile" to her, and that the provisions of the will relating to his appointment as executor were secured by the exercise of undue influence by appellant over the testator at the time of the making of the will.

Appellant, in pleading and in evidence, denied the allegations of the appellee. He insists that the provisions of section 30-302, Comp. St. 1929, are controlling. These are in the following language: "When a will shall have been duly proved and allowed, the county court shall issue letters testamentary thereon to the person named executor therein, if he is legally competent, and he shall accept the trust and give bond as required by law." In the interpretation of this statute, appellant adopts the language of the supreme court of Illinois, as applied to the words "legally competent," to the following effect: "It is the duty of a court of probate to grant letters testamentary to the executor named in the will if he or she is 'legally competent' and accepts the trust. These words mean that the person named as executor must be of legal age, sound mind and memory, and untainted by conviction for a crime which renders the convicted person infamous." *Clark v. Patterson,* 114 Ill. App. 312.

Appellant further insists that he responds to the terms of the definition thus quoted, is named in the will as executor, and the court therefore may not refuse to appoint him.

We are unable to agree with appellant's contention. The words "legally competent" as employed in our decedent act are not in terms defined by the lawmakers. They must be construed in the light of context, and must be held to cover, include, and embrace all qualifications which other provisions of the statutes require executors to possess in performance of their statutory duties. Thus, section 30-309, Comp. St. 1929, provides: "If an executor shall reside out of this state, or shall neglect, after due notice given by the judge of probate, to render his account and settle the estate according to law, or to perform any decree of the court, or shall abscond, or become insane, or otherwise incapable or unsuitable to discharge the trust, the county court may remove such executor." Obviously, the fact that an executor may be *"otherwise incapable or unsuitable to discharge the trust,"* when so determined by the probate court in the exercise of a sound judicial discretion, renders his prompt removal mandatory. The law does not contemplate vain procedure. It is not reasonable to suppose that it requires that one set of qualifications render mandatory the appointment of an applicant as executor, and as soon as the appointment is made the lack of additional qualifications then required will render mandatory an immediate removal. Obviously the words "legally competent" include all qualifications necessary not only to secure the job but to hold it. Therefore, even though it affirmatively appears, at the time of the original application to the probate court for the appointment as executor of one named in a will admitted to probate, that such petitioner was then "of legal age, sound mind and memory, and untainted by conviction for a crime which renders the convicted person infamous," yet if, in addition thereto, from the evidence relating to the character

and relations of the interested parties, the nature and extent of the testator's estate, and the circumstances surrounding the same, the court, in the exercise of a sound judicial discretion, determines that such applicant for appointment is "incapable or unsuitable to discharge the trust," such appointment should not be made. The denial of the petition for the same in this case is therefore fully justified. The present case is not here for trial *de novo*. The judgment of the district court is before us surrounded with the presumption of correctness. It would serve no good purpose to set out the testimony contained in the bill of exceptions. Viewed as a law case, error does not appear.

It follows that the judgment of the district court is correct, and it is

AFFIRMED.