**WELSH v. AMERICAN SURETY CO. OF NEW YORK et al.**

No. 13265.

United States Court of Appeals Fifth Circuit.

Jan. 17, 1951.

H. O. Williams, San Angelo, Tex., for appellant.

Dorsey B. Hardeman, San Angelo, Tex., for appellees.

Before HUTCHESON, Chief Judge, and McCORD, and BORAH, Circuit Judges.

BORAH, Circuit Judge.

Steve Welsh sued V. O. Earnest, sheriff of Crockett County, Texas, and American Surety Company of New York, surety on the sheriff's official bond, to recover damages for personal injuries inflicted on Welsh during the course of and following his arrest. The action was dismissed on defendants' motion and plaintiff has appealed.

The only question here is whether the District Court had jurisdiction to hear and determine the complaint. Plaintiff relied upon diversity of citizenship and the requisite amount in controversy as the basis of jurisdiction. The narrow and specific point in issue is whether at the time of the commencement of this suit plaintiff was a bona fide citizen of the State of New Mexico, within the meaning of Title 28 U.S.C.A. § 1332(a) (1). The suit was brought on March 6, 1950, and it was alleged in the complaint that plaintiff was a resident and citizen of the State of New Mexico; and that defendant Earnest was a citizen of the State of Texas; and that defendant American Surety Company of New York was a New York corporation licensed to do business and doing business in Texas. In response to the complaint the defendants filed a motion to dismiss the action on the ground that the court was without jurisdiction because plaintiff is and has been for many years a bona fide citizen of the State of Texas. The court heard evidence on the motion and in its order dismissing the complaint for want of jurisdiction found, "that although plaintiff resides in the State of New Mexico * * * it has not been established by reasonably satisfactory evidence that plaintiff intends to reside permanently in New Mexico and that the evidence of diversity of citizenship of the plaintiff and defendant, V. O. Earnest, is insufficient to establish a ground for jurisdiction * * *." The findings are challenged on the ground that they are against the evidence and are clearly wrong.

■ Plaintiff had been a resident of Texas. He contends that he ended his residence and citizenship there and established residence and citizenship in New Mexico in February, 1950, less than one month prior to the institution of the action. Now, it is elementary that, to effect a change of one's legal domicile, two things are indispensable: First, residence in the new locality; and second, the intention to remain there. The change cannot be made, except *facto et animo*. Both are alike necessary. Either without the other is insufficient. Mere absence from a fixed home, however long continued, cannot work the change. There must be *animus* to change the prior domicile for another. Until the new one is acquired, the old one remains. Mitchell v. United States, 21 Wall. 350, 352, 22 L.Ed. 584; Sun Printing and Publishing Association v. Edwards, 194 U.S. 377, 383, 24 S.Ct. 696, 48 L.Ed. 1027. Plaintiff's allegation of citizenship in New Mexico was not sufficient. When challenged as here, the burden rested on him to show by a preponderance of the evidence that he was a citizen of that State. McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Town of Lantana, Florida v. Hooper, 5 Cir., 102 F.2d 118.

There was evidence in the record which fairly tended to prove these facts. Plaintiff lived in California for twenty-six years. In 1946 he moved to Ozona, Texas, and in the same year he married. During the years that followed he often declared that he intended to return to California and he

informed his wife that he would remain in Ozona only during the lifetime of her sick and aged father. On December 28, 1949, his father-in-law died. After finishing up a job on which he was then working plaintiff went to a Mr. Couch and told him that he was leaving but doubted if he had sufficient money to take him to California and asked Couch if he would purchase his trailer for two hundred dollars. Couch did not have the money but he advised plaintiff to go to Hobbs, New Mexico where Couch's nephew, a contractor, would assist plaintiff in securing employment, thereby enabling him to work his way back to California. Plaintiff arrived in Hobbs, New Mexico on February 3, 1950 and on the following day he secured employment.

The testimony with regard to plaintiff's intention is illuminating. Plaintiff testified that he decided to stay in New Mexico when he secured employment and "got the second chance to go to work." It is the testimony of the witness Couch that plaintiff told him shortly before the hearing, which was on May 26, 1950, that "he liked Hobbs so well he believed he was going to make it his home." And according to the wife's version, plaintiff decided, after they were there just a short while, "that he believed he would stay at Hobbs, New Mexico, and make his home there." The witness Cade testified that plaintiff told him that he was going to file suit in San Angelo, Texas, and that he had to move out of the State of Texas in order to file this suit in the Federal Court.

Declarations of intention to establish residence in a particular locality are of course to be given full and fair consideration, but like other self serving declarations may lack persuasiveness or be negatived by other declarations and inconsistent acts. To bring about a domiciliary change there must be a conjunction of physical presence and *animus manendi* in the new location. The question is always one of compound fact and law, and one which the trial judge, having an opportunity to hear the testimony, and observe the witnesses, is most competent to judge of their credibility and we are not warranted in setting aside his findings and conclusions unless clearly erroneous. We are satisfied that the court did not misapprehend the testimony and that its findings as to the weight of the evidence should be left undisturbed.

Accordingly, the judgment of the District Court is affirmed.