Donald P. CLEMMER, Delores M. Clemmer, Patrick P. Clemmer, a minor, by Donald P. Clemmer, his next friend, and Rodney A. Clemmer, a minor, by Donald P. Clemmer, his next friend, Plaintiffs,

v.

Mike KUMMER and Peter Goss, Defendants.

No. 2-60-Civ.-31.

United States District Court
D. Minnesota,
Fourth Division.

Oct. 11, 1960.

Richard W. Johnson, Minneapolis, Minn., for plaintiffs.

J. W. Cragg, Minneapolis, Minn., ,for defendant Kummer.

Robert J. Sheran, Mankato, Minn., for defendant Goss.

DEVITT, Chief Judge.

This is a personal injury action arising out of an automobile accident that occurred February 1, 1959 near Sleepy Eye, Minnesota. Defendant Kummer has moved this court for an order dismissing the action on the ground that a genuine and bona fide diversity of citizenship did not exist between the parties when the lawsuit commenced, as required by 28 U.S.C. § 1332(a) (1).[1]

This action was started on February 15, 1960. The complaint alleges that on that date plaintiffs were Texas residents and defendants were Minnesota residents. A detailed statement of the facts may be helpful for an understanding of the issue involved.

The discovery depositions of Donald and Delores M. Clemmer reveal that prior to November, 1959, the Clemmer family lived in Minneapolis where Donald Clemmer was employed at Thermo King Corporation. In November, 1959, Donald Clemmer moved to Irving, Texas, to work at a new Thermo King plant. He was on a training program but his testimony indicates that this was a new opportunity for him and he planned to stay indefinitely. Both he and his wife testified they intended to make their permanent home in Texas.

Sometime in December, 1959, Clemmer's wife and two children followed him to Texas. The family lived in a motel until moving into a trailer home in January, 1960. Clemmer also paid $50 to hold a house that was being built in Irving.

The family returned to Minneapolis in January, 1960 for approximately 10 days, at which time Donald Clemmer contacted his doctor and entered a hospital. The family returned to Texas again and stayed there until returning permanently to Minneapolis in April of 1960. As indicated earlier, this action was commenced February 15, 1960.

The Clemmers sold their Minneapolis home on January 6, 1960. Their furniture was put in storage in Minneapolis but they testified that their intention was to bring the furniture to Texas when the home there was completed. They also transferred their bank accounts to Texas and got Texas drivers' licenses and plates. Clemmer testified that he returned to Minneapolis in April, 1960 because he didn't like it in Texas.

██ For the purposes of jurisdiction under 28 U.S.C.A. § 1332(a) (1), a person's citizenship is determined at the time an action is commenced, Grady v. Irvine, 4 Cir., 1958, 254 F.2d 224, certiorari denied 358 U.S. 819, 79 S.Ct. 30, 3 L.Ed.2d 60; Lyons v. Weltmer, 4 Cir., 1949, 174 F.2d 473, certiorari denied 338 U.S. 850, 70 S.Ct. 93, 94 L. Ed. 520; and subsequent events will not oust a court's jurisdiction once it has attached. See Wichita Ry. & Light Co.

[1] "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
"(1) citizens of different States;"

738

v. Public Utilities Commission of the State of Kansas, 1922, 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124; Dery v. Wyer, 2 Cir., 1959, 265 F.2d 804; Grant County Deposit Bank v. McCampbell, 6 Cir., 1952, 194 F.2d 469, 31 A.L.R.2d 909. Since the terms "citizenship" and "domicile" are synonymous for the purpose of determining federal jurisdiction, Ellis v. Southeast Construction Co., Inc., 8 Cir., 1958, 260 F.2d 280, the issue here is whether plaintiffs were domiciled in Texas on February 15, 1960.

A person can have only one domicile at a time, and in order to acquire a new domicile, physical presence coupled with an intention to make a home are sufficient. Ellis v. Southeast Construction Co., Inc., supra. On February 15, 1960, when the action was commenced, these plaintiffs were living in Texas, and I am satisfied they intended to make their home in that state.

This Court has jurisdiction of the action and the motion to dismiss is denied.