**Irene A. JANZEN, Administratrix of the Estate of Waldo R. Janzen, Deceased, Appellant,**

v.

**Wilber W. GOOS and Ivan Gottula, Appellees.**

No. 16902.

United States Court of Appeals
Eighth Circuit.

April 27, 1962.

Donald P. Lay, Omaha, Neb., made argument for the appellant and John J. Higgins, Jr., Omaha, Neb., was with him on the brief.

Morris J. Bruckner, Omaha, Neb., made argument for the appellee and Robert S. Finn, Tecumseh, Neb., was with him on the brief.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and HENLEY, District Judge.

BLACKMUN, Circuit Judge.

This action was dismissed for lack of diversity jurisdiction. The plaintiff has appealed.

The suit, presumably brought pursuant to §§ 30–809 and 30–810, R.R.S.Nebraska 1943, on behalf of a decedent's widow and six minor children, as next of kin, is for the alleged wrongful death of the decedent on November 20, 1960, resulting from injuries sustained in a Nebraska automobile accident. The complaint, by the widow as special administratrix[1] of her husband's estate, alleges that she is a citizen of Kansas, that the two defendants are citizens of Nebraska, and that the amount in controversy exceeds the minimum specified by 28 U.S. C.A. § 1332, as amended to date. Each of the defendants, prior to filing an answer, moved that the action be dismissed for lack of the requisite diversity of citizenship. Their motions were sustained.

At the hearing on the motions no witness testified. The parties stipulated,[2] however, (a) that the decedent was a resident of Richardson County, Nebraska; (b) that he died in that state on November 20, 1960, as a result of injuries received in an accident; (c) that on February 9, 1961, the plaintiff was the widow of the decedent and was a citizen and resident of Stella, Nebraska; (d) that on that date she filed in the County Court of Richardson County, Nebraska, a petition for her appointment as administratrix of her husband's estate; (e) that on March 6, 1961, the plaintiff was appointed as such administratrix; (f) that letters of administration were issued to her by that court on March 15, 1961; (g) that on May 17, 1961, the plaintiff

"moved with her entire family to 809 East 6th Street, Newton, Kansas. She was living there with her family on July 14, 1961, and if permitted to testify would testify that she was living there with the intention of residing there permanently";

(h) that the complaint in the present action was filed in the United States District Court for the District of Nebraska on July 14, 1961; (i) that at that time the plaintiff was still serving in the capacity of Nebraska administratrix; and (j) that on July 18, 1961, as administratrix, she filed an inventory in the estate listing as its only asset the claim of the heirs and next of kin of the decedent for his alleged wrongful death.

■■ *The absence of findings.* The trial court made no findings of fact. The determination of citizenship, however, is "a mixed question of law and of fact, but mainly one of fact". Maple Island Farm v. Bitterling, 8 Cir., 1952, 196 F.2d 55, 59, cert. den. 344 U.S. 832, 73 S.Ct. 40, 97 L.Ed. 648; Welsh v. American Surety Co. of New York, 5 Cir., 1951, 186 F.2d 16, 18. Although findings, therefore, would have been helpful, we note that the motions to dismiss were obvious-

---

1. There apparently is nothing of significance in the fact that the plaintiff, in her signature to the complaint, is designated as special administratrix, rather than as administratrix as she is generally described in the stipulation hereinafter mentioned.

2. The written stipulation and the district court's order granting leave to file it are, curiously, both dated one day later than the order of dismissal. At the oral argument on appeal, however, counsel for the defendants conceded that the stipulation was to be treated as having been timely presented to the trial court and as being properly before us as part of the trial record.

ly presented under Rule 12(b), F.R.Civ. P., 28 U.S.C.A., and that, by the very provisions of Rule 52(a),[3] findings are not now required with respect to a Rule 12 motion. While there have been intimations that this language of Rule 52(a) is to be limited to situations where only questions of law are involved, Moore's Federal Practice (2d Ed.), Vol. 5, Par. 52.08, p. 2673, we nevertheless conclude that, inasmuch as a full understanding of the question presented is to be had in this case without the aid of separate findings, remand for appropriate findings is not required here. Sbicca-Del Mac v. Milius Shoe Co., 8 Cir., 1944, 145 F.2d 389, 400; Aetna Life Ins. Co. v. Meyn, 8 Cir., 1943, 134 F.2d 246, 249; Yanish v. Barber, 9 Cir., 1956, 232 F.2d 939, 947; Urbain v. Knapp Brothers Manufacturing Company, 6 Cir., 1954, 217 F.2d 810, 816, cert. den. 349 U.S. 930, 75 S.Ct. 772, 99 L.Ed. 1260; Moore's Federal Practice (2d Ed.), Vol. 5, Par. 52.06[2], pp. 2662–4, Par. 52.10, p. 2676.

■■ *Construction of 28 U.S.C.A. § 1332.* Statutes conferring diversity jurisdiction upon the federal courts are to be strictly construed. Thomson v. Gaskill, 1942, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951; Indianapolis v. Chase National Bank, 1941, 314 U.S. 63, 76, 62 S.Ct. 15, 86 L.Ed. 48; Healy v. Ratta, 1934, 292 U.S. 263, 270, 54 S.Ct. 700, 78 L.Ed. 1248. Consequently, "if a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof". Thomson v. Gaskill, supra, p. 446 of 315 U.S., p. 675 of 62 S.Ct.; McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135; KVOS, Inc. v. Associated Press, 1936, 299 U.S. 269, 278, 57 S.Ct. 197, 81 L.Ed. 183. Therefore, although the complaint before us properly alleges facts sufficient for diversity jurisdiction, the situation is not one, as the plaintiff suggests, for the application of the rule that, for purposes of a motion to dismiss, the allegations of the complaint are to be taken as true. Land v. Dollar, 1947, 330 U.S. 731, 735, footnote 4, 67 S.Ct. 1009, 91 L.Ed. 1209. Instead, the challenge to the diversity jurisdiction, raised by the motions here, places the allegation of the plaintiff's complaint that she is a citizen of Kansas flatly in issue and she is required to establish this feature of her case. Schuckman v. Rubenstein, 6 Cir., 1947, 164 F.2d 952, 955, cert. den. 333 U.S. 875, 68 S.Ct. 905, 92 L.Ed. 1151. This she must do by a preponderance of the evidence, Welsh v. American Surety Co. of New York, supra, p. 17 of 186 F.2d, or, as this court may even have suggested in the Bitterling case, supra, p. 59 of 196 F.2d, with a reference to 28 C.J.S. Domicile § 18(a), by proof which is "clear and convincing".

■■ *Citizenship and its acquisition.* Citizenship and domicile are synonymous for purposes of § 1332. Ellis v. Southeast Construction Co., 8 Cir., 1958, 260 F.2d 280, 281; Stine v. Moore, 5 Cir., 1954, 213 F.2d 446, 448; Clemmer v. Kummer, D. Minn., 1960, 187 F.Supp. 736, 738. The existence of diversity of citizenship is to be determined not as of the time the cause of action arises but as of the time suit is instituted. Thompson v. Moore, 8 Cir., 1940, 109 F.2d 372, 373–374; McNello v. John B. Kelly, Inc., 3 Cir., 1960, 283 F.2d 96, 99, footnote 1; Clemmer v. Kummer, supra, p. 737 of 187 F.Supp. See Wichita Railroad & Light Company v. Public Utilities Commission, 1922, 260 U.S. 48, 53–54, 43 S. Ct. 51, 67 S.Ct. 124; Smith v. Sperling, 1957, 354 U.S. 91, 93, footnote 1, 77 S.Ct. 1112, 1 L.Ed.2d 1205; Boesenberg v. Chicago Title & Trust Co., 7 Cir., 1942, 128 F.2d 245, 247, 141 A.L.R. 565.

■ Any person, sui juris, may make a bona fide change of domicile or

---

3. " * * * Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)." (As amended December 27, 1946, effective March 19, 1948).

citizenship at any time. Stine v. Moore, supra, p. 448 of 213 F.2d. However, one may have only one domicile at a time and a domicile once established persists until a new one is acquired. Ellis v. Southeast Construction Co., supra, p. 281 of 260 F.2d; Desmare v. United States, 1877, 93 U.S. 605, 610, 23 L.Ed. 959; Restatement of the Law of Conflict of Laws, § 23. Once acquired, it is presumed to continue until it is shown to have been changed. Mitchell v. United States, 1875, 21 Wall. 350, 353, 22 L.Ed. 584; Stine v. Moore, supra, p. 447 of 213 F. 2d.

■ This court has expressed itself as to the requirements of the acquisition of a domicile for diversity purposes:

"To acquire a domicil of choice, the law requires the physical presence of a person at the place of the domicil claimed, coupled with the intention of making it his present home. When these two facts concur, the change in domicil is instantaneous. Intention to live permanently at the claimed domicil is not required. If a person capable of making his choice honestly regards a place as his present home, the motive prompting him is immaterial".

Spurgeon v. Mission State Bank, 1945, 151 F.2d 702, 705–706, cert. den. 327 U.S. 782, 66 S.Ct. 682, 90 L.Ed. 1009. This language was repeated by us with approval in Maple Island Farm v. Bitterling, supra, p. 58 of 196 F.2d, and in Ellis v. Southeast Construction Co., supra, p. 281 of 260 F.2d. To the same effect are Welsh v. American Surety Co. of New York, supra, p. 17 of 186 F.2d; Sun Printing and Publishing Association v. Edwards, 1904, 194 U.S. 377, 383, 24 S.Ct. 696, 48 L.Ed. 1027; Hardin v. McAvoy, 5 Cir., 1954, 216 F.2d 399, 402; and Restatement of the Law of Conflict of Laws, § 15(3).

■ *The effect of representative capacity.* When an action is brought by an administrator or other fiduciary and the governing state law authorizes that fiduciary to bring suit in his own name as the real party in interest, it is the fiduciary's personal citizenship, not the identity of the state from which he receives his appointment or the citizenship of the persons for whose benefit the action is brought, which is pertinent in the ascertainment of the existence of diversity. Mecom v. Fitzsimmons Drilling Co., 1931, 284 U.S. 183, 186, 52 S.Ct. 84, 76 L.Ed. 233; Memphis Street Ry. Co. v. Moore, 1917, 243 U.S. 299, 37 S.Ct. 273, 61 L.Ed. 733; Smith v. Sperling, supra, p. 93 and footnote 1 of 354 U.S., 77 S.Ct. 1112, 1 L.Ed.2d 1205; Moore's Federal Practice (2d Ed.), Vol. 3, Par. 17.04, pp. 1313–4. This court has so held on a number of occasions. County of Todd v. Loegering, 8 Cir., 1961, 297 F. 2d 470, 472–475; McCoy v. Blakely, 8 Cir., 1954, 217 F.2d 227, 230–231; Minnehaha County v. Kelley, 8 Cir., 1945, 150 F.2d 356, 358; Curb & Gutter Dist. No. 37 v. Parrish, 8 Cir., 1940, 110 F.2d 902, 906. Compare Martineau v. City of St. Paul, 8 Cir., 1949, 172 F.2d 777. See Nebraska v. Northwestern Engineering Co., D.Neb., 1946, 69 F.Supp. 347. No question is here raised as to the plaintiff, in her capacity as administratrix, being the real party in interest and the provisions of R.R.S.Nebraska, 1943, § 25–304, confirm this. In any event, the citizenship of all the beneficiaries coincides with that of the plaintiff.

■ Even the appointment of a nonresident as a wrongful death representative for the avowed purpose of providing diversity, so long as it is bona fide and lawful, has been held not to run afoul of 28 U.S.C.A. § 1359 relating to improper or collusive acts in the invocation of jurisdiction. Motive, thus, is immaterial. County of Todd v. Loegering, supra, pp. 472–475 of 297 F.2d; Curb & Gutter Dist. No. 37 v. Parrish, supra, p. 906 of 110 F.2d; Corabi v. Auto Racing, Inc., 3 Cir. (en banc), 1959, 264 F.2d 784, 786–788, 75 A.L.R.2d 711. See McCoy v. Blakely, supra, p. 230 of 217 F.2d.

*The Nebraska probate statutes.* The Nebraska statutes should also be mentioned. § 30–315, R.R.S.1943, provides for the granting of administration of the

estate of an intestate in stated order to designated persons "who must be residents of this state" (see In re Robinson Heirship, 1930, 119 Neb. 285, 228 N.W. 852, 857), and § 30–324 provides that the county court may remove an administrator if he "shall reside out of this state". Similarly, § 30–302 provides for the issuance of letters testamentary to a named executor "if he is legally competent". Legal competency under this statute, although it was once held otherwise (In re Cachelin's Estate, 1933, 124 Neb. 556, 247 N.W. 422, 424), apparently does not include Nebraska residence. In re Haeffele's Estate, 1945, 145 Neb. 809, 18 N.W.2d 228, 231. § 30–310 again provides that the county court may remove an executor if he "shall reside out of the state", but the Haeffele case holds that this removal statute is only permissive. And acts of a representative done prior to revocation of his letters are, by § 30–329, valid.

These statutes and the plaintiff's appointment and qualification in the Nebraska county court as administratrix of her deceased husband's estate therefore indicate at the most that at the time of her appointment and qualification in March 1961 she was a Nebraska resident. But this is exactly what the stipulated facts themselves demonstrate for the period prior to plaintiff's removal to Kansas on May 17, 1961. The plaintiff does not question the fact that she was a Nebraska resident and citizen until that date.

■ From all the foregoing we conclude that until May 17, 1961, the plaintiff was a citizen of Nebraska; that the fact the present action is one instituted by the plaintiff in a representative capacity does not negate the governing character of her personal citizenship in the determination of diversity; that the vital date for the ascertainment of diversity is July 14, 1961, when the action was instituted; that the plaintiff has the burden of proof on the diversity issue; that her continuing to serve as a Nebraska representative does not prevent

or deny her acquisition of citizenship in another state; and that her motive, whatever it may have been, in effecting her removal to Kansas is immaterial. This brings us, then, to the ultimate analysis of the district court's conclusion that diversity of citizenship did not exist.

■ ■ The court's determination of absence of diversity here (which, as noted above, we treat as a specific finding of fact to that effect) is not to be set aside unless clearly erroneous. Rule 52 (a), F.R.Civ.P. What is clearly erroneous has been defined by the Supreme Court in United States v. United States Gypsum Co., 1948, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746, and in Commissioner v. Duberstein, 1960, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218, and by this court in Kauk v. Anderson, 8 Cir., 1943, 137 F.2d 331, 333, O'Rieley v. Endicott-Johnson Corporation, 8 Cir., 1961, 297 F.2d 1, 6, and other cases. Having in mind the legal principles outlined above and the initial conclusions we have expressed, we feel compelled to conclude that the trial court's determination that diversity of citizenship was not established was clearly erroneous within Rule 52(a) as so defined.

We repeat: there is no question that until May 17, 1961, the plaintiff was and had been a citizen of Nebraska. But there also is no question, in view of the stipulation, that on that date the plaintiff moved with her entire family of six minor children to Newton, Kansas, and that the plaintiff "was living there with her family" on the date the present action was instituted. As the defendant points out, residence does not equate with citizenship and this portion of the stipulation, which cannot be disregarded by the trial court, may not in and of itself establish citizenship. The stipulation, however, goes on to state that the plaintiff would testify that she was living in Kansas with the intention of residing there permanently. This, if believed, brings the intent factor, essential in domicile and citizenship, to coincide with

the other essential factor of physical presence and, again if believed, establishes plaintiff's case and fulfills her burden of proof on the diversity issue.

 Although a court is not required to believe an interested witness' uncontradicted testimony which it regards as unreasonable or improbable, Noland v. Buffalo Ins. Co., 8 Cir., 1950, 181 F.2d 735, 738; Gilligan v. Barton, 8 Cir., 1959, 265 F.2d 904, 908; Schoenberg v. Commissioner, 8 Cir., 1962, 302 F.2d 416; see Welsh v. American Surety Co. of New York, supra, p. 18 of 186 F.2d, we find no such unreasonable or improbable basis present in this record. Not even the usual ground that the trial court has the benefit, which we do not, of observing the demeanor of the witness is present in this fully stipulated case. The Nebraska probate proceedings, as we have outlined above, prove nothing more than that at the times of the institution of those proceedings and the issuance of letters to the plaintiff she was a Nebraska resident. Her change of residence on May 17, 1961, might perhaps serve to disqualify her under the Nebraska statutes from continuing as administratrix but the statute is not self-executing and, as noted, her later acts in that capacity are valid. The only factor then left in the case which can be said to support the defendant's position is the presumption as to the continuance of an established domicile until it is shown to have been changed. This is not enough in the face of this record to provide a basis for the conclusion that diversity of citizenship was absent. The only permissible conclusion is that the plaintiff became a citizen of the State of Kansas when she and her family took up residence there in May. Compare Ellis v. Southeast Construction Co., supra, 260 F.2d 280 and Williamson v. Osenton, 1914, 232 U.S. 619, 623–625, 34 S.Ct. 442, 58 L.Ed. 758. The district court therefore had jurisdiction of the case.

Reversed and remanded for further proceedings.