Vincent J. NOVAK, Administrator of the Estate of Patricia Blanche Sedlacek, a/k/a Patricia B. Sedlacek, Deceased, Plaintiff,

v.

MOUNT MARTY HOSPITAL ASSOCIATION, d/b/a Sacred Heart Hospital, Yankton, South Dakota, Agricultural Insurance Company and Don A. Bierle, Defendants.

Civ. No. 70-65S.

United States District Court, D. South Dakota, S. D.

Sept. 3, 1970.

**932**

Gerald L. Reade, of Brady, Kabeise-man, Light & Reade, Yankton, S. D., for plaintiff.

Harold C. Doyle, of May, Boe & Johnson, Sioux Falls, S. D., for defendants Mount Marty and Agricultural Insurance Co.

Carleton R. Hoy, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for defendant, Bierle.

MEMORANDUM DECISION

NICHOL, Chief Judge.

This ruling is predicated upon separate motions of the defendants to dismiss.

Federal jurisdiction in this suit is based on 28 U.S.C. § 1332 (1964). The cause of action arises out of the circumstances leading to the death of Patricia Blanche Sedlacek and the acts of the defendants in negotiating a settlement with the special administrator of her estate. Decedent's beneficiaries for the purposes of this suit are all citizens of South Dakota. Defendants Mount Marty Hospital Association and Bierle are South Dakota citizens. Plaintiff, the administrator of decedent's estate, is a citizen of Iowa. Defendant Agricultural Insurance Company is a citizen of New York.

Defendant hospital and defendant insurance company filed a motion to dismiss alleging that plaintiff's appointment as administrator was in violation of 28 U.S.C. § 1359 (1964) [1]. Defendant Bierle filed a separate motion to dismiss based on 28 U.S.C. § 1359 (1964). As an additional ground for dismissal defendant Bierle urges that at the present time there is an action pending in state court which will be dispositive of the matters before this court.

This court will first consider together the separate motions of the defendants to dismiss based on 28 U.S.C. § 1359 (1964).

From the record it appears that at the time of the appointment of plaintiff as administrator there were three persons who were, according to South Dakota statute,[2] entitled to preference. First entitled was decedent's husband, Stanley A. Sedlacek, next entitled was decedent's father, Vincent Novak, and next entitled was Albina Novak, decedent's mother.

The three persons entitled to preference joined with plaintiff as petitioners

---

1. 28 U.S.C. § 1359 (1964) provides: "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

2. S.D.Comp.Laws 30–9–1 (1967).

for his appointment as administrator. Set forth in the petition were specific reasons for those three persons declining to serve. Stanley A. Sedlacek declined to serve for the reason that his prior acts as special administrator of decedent's estate may have prejudiced the rights of the five minor children of decedent as beneficiaries. As an additional reason decedent's husband pointed to a possibility of a conflict of interest among himself and the other beneficiaries. Decedent's parents declined to serve for reasons of poor health and advanced age. Decedent's father is 83 years and decedent's mother is 70 years of age.

The deposition of plaintiff discloses that he is the oldest brother of decedent. There was a particular closeness between plaintiff and decedent. Plaintiff had lived with decedent and her husband for a period of time after their marriage and decedent and her husband were best man and matron of honor at plaintiff's wedding. Plaintiff has an elementary school education, is employed as a mechanic, and has no prior experience in matters of this type.

Defendants contend that the principal parties having a stake in this proceeding are all South Dakota citizens. They point to the fact that decedent's parents live in Yankton, South Dakota, decedent has a sister living in Scotland, South Dakota, and two brothers living in the Sioux Falls, South Dakota, area. Defendants urge that the record fails to disclose any logical reason why the plaintiff is more qualified to serve as administrator than any of the others. Defendants contend that the obvious reason for the appointment of Vincent J. Novak as administrator was to obtain diversity of citizenship.

■ "It has generally been held that the appointment of a non-resident as a wrongful death representative for the avowed purpose of providing diversity of citizenship, so long as it is bona fide and lawful, does not run afoul of 28 U.S.C. § 1359 relating to improper or collusive acts in the invocation of federal jurisdiction." 1 A.L.R.Fed. 395, 411. The Eighth Circuit Court of Appeals has adopted this view and held that the motive which induces the appointment of an administrator or trustee, so long as the appointment is bona fide and lawful, is immaterial. Janzen v. Goos, 302 F.2d 421, 425 (8th Cir. 1962); County of Todd, Minn. v. Loegering, 297 F.2d 470, 472–473 (8th Cir. 1961); McCoy v. Blakely, 217 F.2d 227, 230 (8th Cir. 1954). Consideration has been given to several cases which demonstrate a trend toward an expanded interpretation of 28 U.S.C. § 1359 (1964).[3] However, this court is bound to follow the rule of this circuit.

■ Motive not being a consideration in this question, this court must turn to the record for evidence of impropriety or collusion in the joinder of the plaintiff. This court does not find that the appointment of decedent's brother as the administrator of her estate was improper or collusive within the meaning of 28 U.S.C. § 1359 (1964). Had this court found that plaintiff was improperly or collusively joined, the motion to dismiss might still have been denied for the reason that a strong possibility exists that the statute of limitation may bar the plaintiff from proceeding further in this matter in state court. See, Lester v. McFaddon, 415 F.2d 1101, 1106–1108 (4th Cir. 1969); Esposito v. Emery, 402 F.2d 878, 880 (3d Cir. 1968); McSparran v. Weist, 402 F.2d 867, 876–877 (3d Cir. 1968).

■ This court will now consider defendant Bierle's motion to dismiss for the reason that a matter is pending in state court which allegedly will be dispositive of the matters before this court as they pertain to this defendant.

The record shows that the plaintiff has pending before the District County

---

3. *See e. g.*, O'Brien v. Avco Corporation, 425 F.2d 1030 (2nd Cir. 1969); Lester v. McFaddon, 415 F.2d 1101 (4th Cir. 1969); McSparran v. Weist, 402 F.2d 867 (3d Cir. 1968); Dougherty v. Oberg, 297 F.Supp. 635, 639 (D.C.Minn.1969).

Court, in and for the County of Yankton, South Dakota, a petition to vacate and set aside an order authorizing compromise, decree of distribution and final discharge of special administrator of the estate of Patricia Blanche Sedlacek, deceased. Plaintiff in his complaint in this action seeks a court order declaring a prior special administration in this matter and a prior settlement and prior releases arising out of the acts of the special administrator null and void.

This court finds that the action pending in the South Dakota court is not dispositive of the matters now before it. Before this court are the additional questions of damages for the alleged wrongful acts of the various defendants. This court will, however, take note of the pending action and its ultimate disposition in scheduling the disposition of certain motions before it and in setting a trial date.

The several motions are denied.