**James CARTER doing business as Carter Aircraft Company, Plaintiff,**

**v.**

**Mervin G. McCONNEL, Defendant.**

**No. CV–R–82–96–ECR.**

United States District Court, D. Nevada.

Dec. 22, 1983.

James Carter, in pro. per.

Mervin G. McConnel, in pro. per.

### ORDER

EDWARD C. REED, Jr., District Judge.

Defendant has moved to dismiss the complaint on the ground that the lawsuit is not between citizens of different states, so that the Court lacks subject matter jurisdiction. He contends that he was not a citizen of any state at the time the complaint was filed on March 17, 1982.

The complaint attempts to state a claim for relief based on breach of contract by Defendant. It is alleged that Defendant, a Reno, Nevada, attorney who had been retained by Plaintiff, failed to fulfill his obligations in representing Plaintiff in certain legal proceedings in Nevada. The diversity jurisdiction of the Court has been invoked, the pertinent allegations being that Plaintiff is a citizen of California and Defendant is a citizen of Nevada.

An affidavit of Defendant has been filed in support of the motion to dismiss. It declares that Defendant resided in Carson City, Nevada, in December 1980, when he purchased the assets of a business in Denver, Colorado. At the time he owned businesses in the same industry in Nevada and California. Because the new Colorado business was the largest of the three, Defendant and his wife decided to move their domicile to Denver. They placed their Carson City home on the market and moved, with all their personal possessions, to Colorado. There, they contracted to buy a new home in a suburb of Denver. In 1981, both Defendant and his wife obtained Colorado drivers' licenses and paid Colorado state income tax.

The affidavit states that it was obvious by the middle of 1981 that the business in Denver was not to be successful. In July of that year, Defendant and his wife commenced liquidating the business. With the close of the business they had neither reason nor desire to remain in Colorado. They decided they wanted to live in California, and commenced to search for a business there.

The house in Carson City, Nevada, was sold in October 1981, according to the affidavit. In December of the same year, Defendant and his wife closed up housekeeping in Colorado and placed their household goods in storage there. They left Colorado on December 18, 1981, with the intent of locating in California as soon as they could locate a suitable business there. Nevertheless, they moved into the Reno, Nevada, house of Defendant's father-in-law while their search continued for a business in California. The search not being immediately successful, Defendant and his wife began looking for a California location that would be convenient to both their California business and their Nevada business. On June 6, 1982, they contracted to purchase a home east of Sacramento, California. They moved into the home on July 15, 1982. Both immediately registered to vote in California and paid California state income taxes for the last half of 1982.

Defendant's legal position is that he abandoned his Colorado domicile on December 18, 1981, but didn't establish a new domicile in California until July 15, 1982. In between those two dates, he considers himself to have been a "stateless citizen" insofar as federal diversity jurisdiction is concerned. He admits only to having been a temporary resident of Reno, Nevada, on March 17, 1982, when the complaint was filed.

 The existence of diversity of citizenship is determined as of the time the lawsuit is filed. *Janzen v. Goos*, 302 F.2d 421, 424 (8th Cir.1962). Jurisdiction once established is not lost by a subsequent change in citizenship. *Hawes v. Club Ecuestre El Comandante*, 598 F.2d 698, 701 (1st Cir.1979).

 28 U.S.C. § 1332(a)(1) grants federal district courts original jurisdiction over civil actions (where the amount in controversy

exceeds $10,000) between "citizens of different States." To show state citizenship for the purposes of the statute, a party must be a citizen of the United States and be domiciled in the state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.1983). It is often said that domicile and citizenship are synonymous for diversity purposes. *Janzen v. Goos, supra* at 424; *Unanue v. Caribbean Canneries, Inc.*, 323 F.Supp. 63, 67 (D.Del. 1971). This rule was not accepted as all encompassing, however, in *Pannill v. Roanoke Times Co.*, 252 F. 910, 928, 930 (4 Cir.W.D.Va.1918). The *Pannill* opinion makes an exception in the case where a person departs from his state of domicile intending never to return, but hasn't yet acquired a new domicile. In such a circumstance, *Pannill* felt that domicile was not synonymous with citizenship.

Defendant herein places great reliance on *Pannill*. He stresses that his circumstances are the same; i.e., at the time the complaint was filed he had already left Colorado with the intent never to return, but had not yet established domicile in California. The principle posited in *Pannill* —that a party may be a citizen of the United States, but not of any state—has been recognized in *McGlynn v. Employers Commercial Union Ins. Co. of America*, 386 F.Supp. 774, 776 (D.P.R.1974), cited by Defendant, and a few older cases. *See* 1 Moore's Fed.Prac. ¶ 0.74[5], n. 7. However, both Moore, *id.* at p. 708.23, and other commentators doubt the present validity of the *Pannill* doctrine. *See* 13 Wright, Miller & Cooper, Fed.Prac. & Proc.: Jurisdiction § 3612 at p. 723.

The rule in the Ninth Circuit and virtually all other jurisdictions is that a person's old domicile is not lost until a new one is acquired. *Barber v. Varleta*, 199 F.2d 419, 423 (9th Cir.1952); *Pioneer Southwestern Stages v. Wicker*, 50 F.2d 581, 582 (9th Cir.1931); *Messersmith v. Matteucci*, 276 F.Supp. 310, 312 (E.D.Cal. 1966), *aff'd* 385 F.2d 1023 (9th Cir.1967); *Desmare v. United States*, 93 U.S. (3 Otto) 605, 610, 23 L.Ed. 959 (1876); *Mitchell v.*

*United States*, 88 U.S. (21 Wall.) 350, 353, 22 L.Ed. 584 (1874); *Hawes v. Club Ecuestre El Comandante, supra* at 701; *Janzen v. Goos, supra* at 425; *Unanue v. Caribbean Canneries, Inc., supra* at 68. This rule represents the conflicts of law solution to the problem where, as here, the person has pulled up stakes with the intention of abandoning his old domicile, but has not arrived physically at a new one. 13 Wright, Miller & Cooper, Fed.Prac. & Proc.: Jurisdiction § 3612 at p. 721.

Acquisition of a new domicile requires the concurrence of two factors: (1) residence in fact in the new state and (2) the intention to remain there for an indefinite period of time. *Messersmith v. Matteucci, supra* at 276 F.Supp. 311; *New England Mutual Life Ins. Co. v. Lauffer*, 215 F.Supp. 91, 97 (S.D.Cal.1963); *Mitchell v. United States, supra* 88 U.S. (21 Wall.) at 353; *Janzen v. Goos, supra* at 425; *Honneus v. Donovan*, 93 F.R.D. 433, 435 (D.Mass.1982), *aff'd* 691 F.2d 1 (1st Cir. 1982). Defendant herein has acknowledged, in his affidavit, that his new California domicile wasn't established until July 15, 1982. Under the controlling rule—that an old domicile isn't lost until a new one is acquired—he was a citizen of Colorado, for diversity purposes, at the time the complaint was filed.

Nevertheless, Defendant has succeeded in disproving an essential jurisdictional allegation in the complaint; namely, that he was a citizen of Nevada. Therefore, the complaint as it stands is subject to dismissal, for diversity must be alleged and, when challenged, proved. *L.D. Reeder Contractors of Ariz. v. Higgins Industries*, 265 F.2d 768, 770 (9th Cir.1959). However, 28 U.S.C. § 1653 specifies that defective allegations of jurisdiction may be amended. Congress' intent in enacting the statute was to avoid dismissals on technical grounds. *Miller v. Davis*, 507 F.2d 308, 311 (6th Cir.1974). Accordingly, in the absence of prejudice to a defendant, amendment is freely permitted. *Ibid.; Holman v. Carpenter Technology Corp.*, 484 F.Supp. 406, 408–9 (E.D.Pa.1980).

IT IS, THEREFORE, HEREBY OR-DERED that Plaintiff shall have thirty (30) days from the date hereof in which to serve and file an amended complaint which alleges thàt Defendant, at the time of filing of the original complaint, was a citizen of Colorado.

IT IS FURTHER ORDERED that if such an amended complaint is not timely served and filed, the complaint shall be dismissed.