Janice MATTHEWS, Plaintiff,

v.

Everett LEE, Defendant.

No. 90–1463C(6).

United States District Court,
E.D. Missouri, E.D.

Jan. 7, 1991.

Eric Taylor, St. Louis, Mo., for plaintiff.

James E. Carmichael, Rollings, Gerhadt, Borchers, Stuhler & Carmichael, P.C., St. Charles, Mo., for defendant.

## MEMORANDUM AND ORDER

GUNN, District Judge.

This matter is before the Court on defendant's motions to dismiss and to dissolve attachment, or in the alternative, require posting of bond by plaintiff and amended motion to dismiss. In this action plaintiff seeks to recover specified damages and punitive damages as a result of false representations made by defendant, damages as a result of a breach of contract by defendant and damages and punitive damages as a result of defendant's extreme and outrageous conduct. Defendant has moved to dismiss plaintiff's complaint contending on the basis of his domicile or citizenship that the Court lacks subject matter jurisdiction based upon the lack of diversity of citizenship between the parties.

First, defendant argues that plaintiff's assertion of jurisdiction based upon diversity of citizenship must fail because he has been and is a citizen of the State of Missouri. In his affidavit in support of his motion to dismiss, defendant states that: 1) he has been a resident of Missouri for the last six years with a mailing address in St. Charles, Missouri; 2) he intends to continue to reside permanently in Missouri; 3) he is employed by Trans World Airlines as a pilot and is based in and flies out of St. Louis, Missouri; 4) the State of Missouri

issues his car license and his car registration; 5) he is the president and sole shareholder of a Missouri corporation with its principal place of business in Missouri, and he has paid Missouri corporate taxes for the last four years; 6) he is a registered voter in the State of Missouri; and 7) his personal and business bank accounts are located in Missouri.

Plaintiff has responded to the motion to dismiss by alleging defendant's domicile is in Kentucky and not Missouri and so the Court has jurisdiction on the basis of diversity of citizenship. Plaintiff further asserts that: 1) defendant has claimed his home address to be in Kentucky for purposes of state and federal income taxes; 2) he has not claimed to be a resident of Missouri on his payroll check stubs for at least the last three years; 3) defendant has had his payroll checks sent to a Kentucky address; 4) he has not had Missouri taxes withheld from his paychecks; and 5) defendant has not paid any Missouri individual income tax.

In passing on a motion to dismiss for lack of subject matter jurisdiction based upon diversity of citizenship, the Court must determine whether or not the parties are citizens of different states. The issue before this Court is whether defendant is a citizen of Kentucky for the purpose of invoking diversity jurisdiction under 28 U.S.C. § 1332. The determination of citizenship for the purpose of diversity is a mixed question of law and fact but mainly one of fact. *Janzen v. Goos,* 302 F.2d 421, 423 (8th Cir.1962). The Court in *Janzen* outlined the tests to be applied in determining whether diversity jurisdiction exists as follows: 1) statutes conferring federal diversity jurisdiction are to be strictly construed; 2) when the jurisdictional allegations of plaintiff's complaint are challenged, the plaintiff bears the burden of establishing diversity jurisdiction by competent proof and by a preponderance of the evidence; 3) citizenship and domicile are synonymous for purposes of diversity of citizenship pursuant to 28 U.S.C. § 1332; 4) diversity of citizenship is to be determined at the time the complaint is filed, not as of the time the cause of action arises and

cannot be ousted by subsequent events; 5) any person, sui juris, may make a bona fide change of domicile or citizenship at any time, but a domicile once established persists until a new one is acquired and, once acquired, a domicile is presumed to continue until it is shown to have changed. *Janzen,* 302 F.2d at 424–25. The Eighth Circuit has outlined the requirements of the acquisition of a domicile for diversity purposes:

> To acquire a domicil of choice, the law requires the physical presence of a person at the place of the domicil claimed, coupled with the intention of making it his present home. When these two facts concur, the change in domicil is instantaneous. Intention to live permanently at the claimed domicil is not required. If a person capable of making his choice honestly regards a place as his present home, the motive prompting him is immaterial.

*Janzen,* 302 F.2d at 425 (quoting with approval from *Spurgeon v. Mission State Bank,* 151 F.2d 702, 705–06 (8th Cir.1945), *cert. denied,* 327 U.S. 782, 66 S.Ct. 682, 90 L.Ed. 1009 (1945)).

Analyzing the question of domicile under the tests outlined in *Janzen,* as one of mixed law and fact the Court concludes upon the examination of the pleadings filed in this cause of action that defendant, through a combination of intention, action and physical presence, has established a domicile of choice in Missouri and therefore the Court cannot invoke diversity jurisdiction. The Court finds persuasive that defendant has been and is a citizen of Missouri at all times material to this action; defendant is separated from his wife; and defendant stated in his affidavit that he intended to remain permanently in Missouri. The Court further notes that defendant has obtained a Missouri driver's license, car registration and bank accounts, and he is a registered voter in Missouri.

Having found that defendant's domicile is in Missouri and he is a resident of Missouri, the Court must dissolve the writ of attachment entered on August 1, 1990, by the Clerk of the Court, because there is not

the requisite diversity of citizenship as be-tween the parties to support the jurisdiction of the Court. Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss and amended motion to dismiss shall be and they are granted.

IT IS FURTHER ORDERED that plaintiff's complaint shall be and it is dismissed for lack of diversity jurisdiction. Each party shall bear its own costs.

IT IS FURTHER ORDERED that defendant's motion to dissolve attachment shall be and it is granted.

IT IS FURTHER ORDERED that the writ of attachment entered on August 1, 1990 shall be and it is dissolved.