**James W. RAYFIELD, Sr., et al., Plaintiffs,**

v.

**NATIONAL AUCTION GROUP, INC., et al., Defendants.**

**No. CV–94–A–1476–N.**

United States District Court, M.D. Alabama, Northern Division.

March 3, 1995.

Julian B. Brackin, Jr., Foley, AL and Jere L. Beasley, Montgomery, AL, for plaintiffs.

Philip S. Gidiere, Jr. and Jack B. Hinton, Jr., Montgomery, AL, for defendants.

## MEMORANDUM OPINION & ORDER

ALBRITTON, District Judge.

### I.  INTRODUCTION

This cause is now before the court on the Motion to Remand filed by Plaintiffs, James W. Rayfield, Sr. and Margaret T. Rayfield ("the Rayfields") on December 15, 1994.[1]

The Rayfields originally filed this action on October 13, 1994, in the Circuit Court of Bullock County, Alabama. The Rayfields allege breach of contract, negligent handling of a property sale, wanton handling of a property sale, and misrepresentation. The Rayfields seek compensatory and punitive damages.

1. The Rayfields are citizens of the State of Alabama.

Defendants, National Auction Group, Inc. ("National") and William R. Bone ("Bone") removed the case to this court on November 16, 1994. 28 U.S.C. § 1441. Defendants contend that this court has diversity jurisdiction. 28 U.S.C. § 1332. National is a Texas corporation with its principal place of business in that state. Bone contends that he is a resident of Georgia and not of Alabama as is alleged in the complaint.

In their motion to remand, plaintiffs contend that Bone is a resident citizen of Alabama, as are they, and that, therefore, there is no diversity of citizenship. For the reasons stated below, the court finds that the Rayfields' Motion to Remand is due to be GRANTED.

## II. FACTS

According to his affidavit filed in opposition to the motion to remand, Bone presently lives at 4499 Garmon Road in Atlanta, Georgia. He avers that he has lived at this address since approximately August 1993. Prior to that time, Bone's affidavit reveals that he lived in New York City. In his affidavit Bone admits that he is regularly in Alabama on business and that he is a shareholder in numerous Alabama corporations some of which own real estate in Alabama, but Bone states that he has not "made his home in Alabama since August 1990." Bone declares that since August 1993 his intent to return home was an intent to return to Georgia. Bone states that he continues to intend to live in Georgia and to make Georgia his home for the foreseeable future.

It is undisputed that Bone does not own or rent the Atlanta residence that he now considers his home, nor does Bone pay taxes, utilities, or insurance on the home. (Bone Dep. at 44–45). Bone has never paid state income tax to the State of Georgia. *Id.* at 38. Bone is not a member of any church, social organization, civic organization, or professional organization in Georgia. *Id.* at 39–41. Bone has never owned any real property in Georgia. *Id.* at 61. Bone does not have a Georgia driver's license or a Georgia real estate license. *Id.* at 41–42. Bone did not register to vote in Georgia. *Id.* at 42.

Each year through 1993, Bone has filed income tax returns for the State of Alabama. *Id.* at 35–36. In 1994, Bone paid quarterly estimated tax to Alabama. *Id.* at 37. The current Gulf Shores, Alabama telephone directory lists a telephone number for Bone in Gulf Shores, Alabama. *Id.* at 61; Plaintiffs' Ex. J. Bone is a registered voter in Baldwin County, Alabama. (Plaintiffs' Ex. K).

Bone maintains a real estate license from the State of Alabama and took appropriate actions to keep that license in 1994. (Bone Dep. at 30–31). Records from the Alabama Real Estate Commission indicate that as of December 6, 1994, Bone was licensed as a broker with an address in Gadsden, Alabama. (Plaintiffs' Ex. D). Bone has an ownership interest in various Alabama corporations that actively do business in Alabama. (Bone Dep. at 22–29). The annual report for one of these businesses, Buddy Bone Realty, Inc., recites the address of Bone as Gulf Shores, Alabama. (Plaintiffs' Ex. F).

When he was charged with reckless driving and driving under the influence of alcohol in Alabama in June, 1994, Bone consistently gave his address as Gulf Shores, Alabama. On November 1, 1994, Bone renewed the driver's licensed which the State of Alabama had issued him. (Bone Dep. at 48; Plaintiffs' Ex. B & C). This license lists an address for Bone in Gulf Shores, Alabama. (Bone Dep. at 48). Additionally, Bone's car, which he purchased in November or December 1994, is registered with an Alabama vehicle license tag. *Id.* at 49–51.

## III. DISCUSSION

District courts have original jurisdiction over civil actions where the amount in controversy exceeds the sum or value of $50,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). One of the Supreme Court's earliest cases, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806),[2] held that there is no diversity jurisdiction when any party on one side of the suit is a citizen of the same state as any party on the other side. When a

---

**2.** Overruled on other grounds by 43 U.S. (2 How.) 497, 11 L.Ed. 353 (1844).

court is reviewing the citizenship of the parties to determine if the suit meets the requirements of diversity jurisdiction, the court must look to the citizenship of the parties at the time when the action was filed. *See Freeport–McMoRan, Inc. v. K N Energy, Inc.,* 498 U.S. 426, 428, 111 S.Ct. 858, 859–60, 112 L.Ed.2d 951 (1991); *Welsh v. American Surety Co. of New York,* 186 F.2d 16, 17 (5th Cir.1951).

■ Since the Rayfields are citizens of Alabama, this court may exercise diversity jurisdiction over this suit only if all the defendants are citizens of states other than Alabama. If any one of the defendants is a citizen of Alabama, then this court may not exercise diversity jurisdiction and must remand the case to state court. It is undisputed that National is not a citizen of Alabama. Thus, the only question here is whether at the time the Rayfields filed suit, October 13, 1994, Bone was a citizen of Alabama.

■ Because Bone sought this court's jurisdiction by removing the case to federal court, it is his burden to prove that he is not a citizen of Alabama. It is well settled that defendants, as the parties removing the action to federal court, have the burden of establishing federal jurisdiction. *Scoggins v. Pollock,* 727 F.2d 1025, 1028 (11th Cir.1984); *Brech v. Prudential Ins. Co. of America,* 845 F.Supp. 829, 831 (M.D.Ala.1993); *Simmons v. Skyway of Ocala,* 592 F.Supp. 356, 358 (S.D.Ga.1984). Because the removal statutes are strictly construed against removal, generally speaking, all doubts about removal must be resolved in favor of remand. *See Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir.1979).[3]

■ For purposes of diversity jurisdiction, citizenship is the same thing as domicile. *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954). In fact, it is a party's domicile rather than his residence which is determinative of citizenship for diversity jurisdiction. *Jagiella v. Jagiella,* 647 F.2d 561, 563 (5th Cir. June 1981); *Combee v. Shell Oil Co.,* 615 F.2d 698, 700 (5th Cir.1980). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom....'" *Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir.) *cert. denied,* 419 U.S. 842, 95 S.Ct. 74, 42 L.Ed.2d 70 (1974); *Spann v. Northwestern Mut. Life Ins. Co.,* 795 F.Supp. 386, 390 (M.D.Ala.1992).

■ Once a person establishes a domicile, it continues until the person establishes a new domicile. *Id.* In this circuit,

> it is elementary that, to effect a change of one's legal domicile, two things are indispensable: First, residence in the new locality; and second, the intention to remain there. The change cannot be made, except facto et animo. Both are alike necessary. Either without the other is insufficient.

*Welsh,* 186 F.2d at 17.

■ Courts examine numerous specific objective facts to determine whether a domicile has been established; these facts include:

> location of employment; home ownership and ownership of other real property; location of one's household furnishings; registration and title to one's automobiles; driver's licensing; voter registration; payment for utilities; banking; acquiring a telephone number and listing it; receiving mail; and establishing membership in local professional, civic, religious, or social organizations.

*Simmons,* 592 F.Supp. at 359 (citations omitted). A party seeking to establish that he has changed his domicile may submit declarations of his intention to establish a domicile in a particular state, however like other self-serving declarations such statements may lack persuasiveness or be negated by other declarations or inconsistent acts. *Welsh,* 186 F.2d at 18.

■ In light of the overwhelming evidence which indicates that Bone was a domiciliary of Alabama on October 13, 1994, this court finds that Bone has not met his burden of establishing that the requirements for diversity jurisdiction are satisfied. Nearly every factor which this court may appropriately

---

3. In *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

consider points to the conclusion that Bone is a citizen of Alabama. At the time that the Rayfields filed suit, Bone owned numerous businesses in Alabama and had a professional real estate license in the state. These businesses gave him ownership interest in real property in Alabama. Bone held a driver's license issued by Alabama which he renewed even after this suit was filed. Bone's only automobile is registered and licensed in Alabama. Bone was and is registered to vote in Alabama. He paid taxes to the State of Alabama. He is listed in an Alabama telephone book. The facts support a conclusion that Bone not only was a citizen of Alabama on the date on which this suit was filed, but also that he remained a citizen of Alabama.

█ Bone would have this court accept his sworn representation that he has established a residence in the state of Georgia and that, as of sometime in 1993, that residence was the place to which he intended to return. Bone has not presented any evidence that he owns or rents this residence. Nor has he offered any evidence, beyond these self-serving statements in his affidavit, which suggests that he has established a sufficient presence in Georgia and that he has the requisite intent to make Georgia his domicile. Merely living with someone when he is in Georgia and saying that he intends that to be his home after being sued in Alabama hardly outweighs the evidence to the contrary.[4] The court finds that the evidence does not weigh in Bone's favor and that he has failed to satisfy his burden of showing he was not a citizen of Alabama on October 13, 1994.

## IV. CONCLUSION

For the foregoing reasons, the court finds that the Rayfields' Motion to Remand is due to be and is hereby GRANTED. It is hereby ORDERED that this case is REMANDED to the Circuit Court of Bullock County, Alabama. The Clerk is directed to take the necessary steps to effect the remand.

---

4. The court notes that Bone testified in his deposition that he claimed Alabama as his home in his 1994 traffic case because he thought that would help his case. (Bone dep. at 51–53; Plaintiffs' Ex. L).