Harold MALLON, Plaintiff,

v.

Oscar LUTZ and Ruth Lutz, Defendants.
Civ. A. No. 23359.

United States District Court
E. D. Michigan, S. D.

May 10, 1963.

Leitson, Dean, Dean & Abram, by Max Dean, Flint, Mich., for plaintiff.

Garan, Lucow & Miller, by Milton Lucow, Detroit, Mich., for defendants.

McCREE, District Judge.

This is a personal injury action filed December 26, 1962. Defendants have moved to dismiss on the ground that diversity of citizenship between the parties does not exist. Upon the filing of the depositions of plaintiff and his wife and after consideration of the briefs of both

parties, the court makes the following findings of fact and of law:

1. *Findings of fact.*

1. On May 22, 1961, the date of the accident which gave rise to the alleged cause of action, plaintiff was domiciled in and was a resident of Michigan, where he was a student at the University of Detroit Dental School.

2. In September, 1962, plaintiff and his wife moved to Brookline, Massachusetts, where plaintiff attends the Boston University Medical School, for specialized training in oral surgery.

3. Plaintiff has applied for internship and residency upon completion of his studies at the University of Pittsburgh, the University of Alabama and the Detroit Receiving Hospital. Plaintiff has been accepted by the Detroit Receiving Hospital for a residency commencing June, 1963 and plans to move to Detroit in June, 1963.

4. Plaintiff is registered to vote in the City of Flint, Michigan where he last voted by absentee ballot cast in Detroit in 1960. Plaintiff has not registered to vote in Brookline, Massachusetts because upon making inquiry for this purpose he was advised that his actual term of residence was insufficient.

5. Plaintiff secured a Michigan motor vehicle registration for his 1962 model car in December, 1962 as plaintiff stated in his deposition, page 9, "that is when I was home for Christmas vacation."

6. Plaintiff has a Michigan driver's license and in January, 1963, plaintiff secured a Massachusetts driver's license which, as he explained, was for the purpose of complying with Massachusetts law.

7. Plaintiff stated that he regards Brookline, Massachusetts as his permanent address until June of 1963, when he will have concluded his course of training.

8. Plaintiff's wife has a Michigan driver's license which was renewed in December of 1962. This license bears the address of her father-in-law in Flint, Michigan. She does not have a Massachusetts driver's license.

9. Plaintiff's wife is registered to vote in Flint, Michigan and has never registered to vote in Massachusetts.

10. Plaintiff's wife stated that she considered Boston, Massachusetts to be her permanent residence.

2. *Conclusions of Law.*

1. The existence of diversity of citizenship is to be determined as of the time the suit is commenced. Smith v. Sperling, 354 U.S. 91, footnote 1, p. 93, 77 S.Ct. 1112, p. 1113, 1 L.Ed.2d 1205 (1957).

2. Where a plaintiff's allegations of jurisdictional facts are challenged by defendant, plaintiff bears the burden of establishing the allegations by a preponderance of the evidence. McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1935); Janzen v. Goos, 302 F.2d 421, 424 (8th Cir., 1962); Schuckman v. Rubenstein, 164 F.2d 952, 955 (6th Cir., 1947).

3. Citizenship and domicile are synonymous for the purposes of diversity jurisdiction. McClanahan v. Galloway, 127 F.Supp. 929, 930 (N.D.Calif.1955).

4. One may have only one domicile at a time and a domicile once established persists until a new one is acquired. Mitchell v. U. S., 88 U.S. (21 Wall.) 350, 353, 22 L.Ed. 584 (1874); Janzen v. Goos, 302 F.2d 421, 425 (8th Cir., 1962).

5. To acquire a domicile of choice the law requires the physical presence of a person at the place of the domicile claimed, coupled with the intention to remain there. Mitchell v. U. S., 88 U.S. (21 Wall.) 350, 353, 22 L.Ed. 584 (1874); Spurgeon v. Mission State Bank, 151 F.2d 702, 706 (8th Cir., 1945), cert. den. 327 U.S. 782, 66 S.Ct. 682, 90 L.Ed. 1009.

6. Mere absence from a fixed home does not effect a change of domicile.

Welsh v. American Surety Co. of New York, 186 F.2d 16, 17 (5th Cir., 1951).

7. Declarations of intention to establish domicile in a particular locality may be negatived by other declarations and inconsistent acts. Welsh v. American Surety Co. of New York, 186 F.2d 16, 18 (5th Cir., 1951).

8. Plaintiff has failed to establish by a preponderance of the evidence that he is a citizen of Massachusetts.

3. *Discussion.*

The fact of plaintiff's residence in Massachusetts at the time this action was commenced and the statements of him and his wife to the effect that Brookline was their permanent address, absent other facts, would support a finding of Massachusetts citizenship. However, physical presence alone is not determinative of domicile and self-serving declarations of intent may be negatived by other acts inconsistent with such pronouncements. The facts which tend to negative plaintiff's claimed abandonment of his Michigan residence must be weighed against such pronouncements.

In the usual circumstance, a student who pursues a course of study away from home does not substitute for his domicile his place of residence while attending school, although it is in his power to effect such a change. In the instant case, plaintiff and his wife retained their Michigan motor vehicle operator's licenses and plaintiff secured a Michigan registration for his 1962 model vehicle when he was "home" in Michigan for the Christmas holiday. Plaintiff and his wife retained their Michigan voter registrations. Despite plaintiff's assertion that he considered Massachusetts as his domicile, his applications for internships and residencies were all made outside Massachusetts and his application which was accepted was made to a hospital in Michigan.

Viewing plaintiff's case in its most favorable light, at best the facts which tend to establish a Massachusetts domicile balance those which tend to establish Michigan domicile. In such a case plaintiff, having the burden of proof, fails in his averment of diversity of citizenship.

The motion to dismiss is granted. An order may be presented in accordance with this opinion.