Barbara CAMPBELL, Plaintiff,

v.

Peter OLIVA, M.D., Defendant.

No. 2279.

United States District Court
E. D. Tennessee,
Northeastern Division.

Dec. 11, 1968.

Charles R. Terry and J. Randall Shelton, Morristown, Tenn., Thomas L. Yaccarino, Pappa, Yaccarino & Widman, Asbury Park, N. J., J. D. Lee, Madisonville, Tenn., for plaintiff.

J. Paul Coleman and Dick L. Johnson, Simmonds, Herndon Fortune, Johnson & Coleman, Johnson City, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a diversity action, 28 U.S.C. § 1332(a) (1). The plaintiff Mrs. Campbell avers she is a citizen of New Jersey and the defendant Dr. Oliva is a citizen of Tennessee. Mrs. Campbell's citizenship was suggested to be in Tennessee also, by the defendant's answer, and a pretrial conference herein was suspended until the Court could determine whether it has jurisdiction. A hearing to that end was conducted before the Court on November 27, 1968, and the matter has since been under investigation.

Prior to her marriage, Mrs. Campbell was domiciled with her parents in New Jersey while residing temporarily in Johnson City, Tennessee, as a student at East Tennessee State University, where she is majoring in physical education. She was engaged to be married to her present husband, who was domiciled with his parents in New York, while teaching physical education in that state.

The plaintiff returned to her parents' home for the summer vacation period in 1967 and was married to Mr. Campbell on August 20, of that year. Mr. Campbell was desirous of seeking a master's degree, and the couple decided that he could accomplish this purpose more economically at ETSU, from which institution his wife expects to be awarded an undergraduate degree in June, 1969. This determination having been made in advance of marriage, Mrs. Campbell had investigated availabilities before departing Johnson City for her vacation and impending marriage; and this couple arranged by telephone for the monthly rental of an apartment in a privately-owned complex, occupied principally by married students of ETSU.

The couple came directly from their honeymoon trip to Johnson City in September, 1967 before the commencement of classes at the university. Mr. Campbell obtained a position teaching in the public schools of Washington County, which would permit his attending classes at ETSU in the evenings. Before he registered for same, his wife was advised by a neighbor that, because of her husband's employment within Tennessee, he was entitled to the benefit of the in-state tuition rate at the university. Upon investigation of this information with the ETSU finance officers, Mrs. Campbell was advised to furnish a letter of verification of her husband's in-state employment from the county superintendent of schools. This was done, and Mr. Campbell was accorded the in-state rate.

Mr. and Mrs. Campbell returned to her parents' place of domicile but retained their apartment in Johnson City during the summer vacation period in 1968. Mr. Campbell expects to complete all his

regularly required graduate courses near the time his wife is graduated. His current teaching contract expires in May, 1969, but he expects to work in a municipal summer recreational program briefly thereafter.

Both Mr. and Mrs. Campbell testified that they have no intention of remaining in Tennessee after the summer of 1969 but rather, expect to seek teaching positions in New York or New Jersey for the 1969–1970 school year.

Mr. Campbell holds a New York, and the plaintiff a New Jersey, license to operate a motor vehicle. His family purpose automobile is registered in New York although insured for purposes of public liability through a Tennessee agent. The Campbells maintain bank accounts in both Tennessee and New York but make payments on their automobile contract through the latter. They are enrolled in hospitalization and surgical benefit plans in New Jersey. Mr. Campbell paid state income taxes to New York in March, 1968.

■ The attendance by a citizen of one state of school in other state does not render *per se*, although it may, the student a citizen of the latter state for jurisdictional purposes. Sanial v. Bossoreale, D.C.N.Y. (1967), 279 F.Supp. 940, 941–943 [1]; Mallon v. Lutz, D.C.Mich. (1963), 217 F.Supp. 454, 456 [10]; Bell v. Milsak, D.C.La. (1952), 106 F.Supp. 219, 220 [2]. The marriage of the plaintiff conferred upon her for jurisdictional purposes the citizenship of her husband. Seideman v. Hamilton, D.C.Pa. (1959), 173 F.Supp. 641, 643 [5], affirmed, C.A. 3rd (1960), 275 F.2d 224, certiorari denied (1960), 363 U.S. 820, 80 S.Ct. 1258, 4 L.Ed.2d 1517. Her domicile in New York continues until a new one is established. Desmare v. United States (1877), 93 U.S. 605, 23 L.Ed. 959, 960.

■ " * * * While one's statements may supply evidence of the intention requisite to establish domicile at a given place of residence, they cannot supply the fact of residence there * *." Texas v. Florida (1939), 306 U.S. 398, 425, 59 S.Ct. 563, 576, 83 L.Ed. 817, 834 [17]. " * * * One's testimony with regard to his intention is of course to be given full and fair consideration, but is subject to the infirmity of any self-serving declaration, and may frequently lack persuasiveness or even be contradicted or negatived by other declarations and inconsistent acts. * * *" District of Columbia v. Murphy (1941), 314 U.S. 441, 456, 62 S.Ct. 303, 310, 86 L.Ed. 329, 338 (headnote 7); Walden v. Broce Construction Co., C.A. 10th (1966), 357 F.2d 242, 245 [4]. In such circumstances, the plain facts as to the place of residence of Mrs. Campbell and her real attitude and intention with respect to it as disclosed by the entire course of conduct of her and her husband are the controlling factors in ascertaining her domicile. See Texas v. Florida, supra, 306 U.S. at 425, 59 S.Ct. 563, 83 L.Ed. at 835 (headnote 19).

■ Thereupon, the Court finds that at the time Mrs. Campbell complains of tortious acts on the part of the defendant and at the time of the commencement of this action, she was a citizen of New York; that while she and her husband are residing in Tennessee for the mere temporary and special purpose of pursuing their respective higher educations until something which is expected and reasonably certain happens, with a joint intention on their part to return to New York * upon the completion of these temporary and special purposes, cf. Gates v. Commissioner of Internal Revenue, C.A. 10th (1952), 199 F.2d 291, 294 [4, 5], it was wholly consistent and plausible for Mr. Campbell to occupy his off-campus time gainfully, for them to have an extra bank checking account in Tennessee, and for them to obtain automobile insurance coverage through an agent who is located where their family car is being operated principally at this

---

* The Campbells evince some potential intention to change their domicile to New Jersey but none to change it to Tennessee, where the defendant is domiciled.

time.  The Court, therefore concludes, that at the time pertinent hereto the plaintiff Mrs. Campbell was a citizen of New York, the defendant Dr. Oliva was a citizen of Tennessee, and that this Court has jurisdiction of this action, 28 U.S.C. § 1332(a) (1).

The clerk will reassign this action for continuation of the interrupted pretrial conference at a convenient time.