Earl N. YOUNG, Administrator of the Estate of Gregory A. Young, Earl N. Young and Anne C. Young, Plaintiff,

v.

Nell N. MITCHELL, Defendant.

No. 77–172–CIV–WMH.

United States District Court, S. D. Florida, Miami Division.

Aug. 12, 1977.

Burton S. Resnic, Holyoke, Mass., David, Howland, Ress, Gomez, Rosenberg, Berke & Howland, P. A., North Miami, Fla., for plaintiff.

Kenneth J. Kavanaugh, Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami Fla., for Mitchell.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

HOEVELER, District Judge.

The present action is before the Court on the defendant Nell N. Mitchell's motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant requests that the Court apply the Florida Wrongful Death Act, F.S. 768.18 et seq. (1975), to the instant controversy. In opposition the plaintiffs contend that the Massachusetts Wrongful Death Act, M.G.L.A. c. 229, §§ 1 and 2, should apply under the circumstances outlined in the complaint.

### I. *FACTS*

Viewing the facts for the purposes of this motion in the light most favorable to the opposing party (the plaintiffs) the following factual situation is presented:

Plaintiffs are the Administrators of the Estate of Gregory Young, and the parents of the deceased. Gregory Young was killed on the evening of November 25, 1975, while riding a bicycle along Red Road in Coral Gables, Florida near the University of Miami Campus. At the time of his death, Gregory Young had completed his doctoral studies in philosophy at the University where he had been in attendance for ten years. The deceased, although he had resided in the Miami area for some time, still maintained voter registration in Massachusetts, his home state, and voted by absentee ballot on a regular basis. Dr. Young had accepted a position on the faculty of Texas A & M University, College Station, Texas, although it is not apparent when the appointment was to become effective. Dr. Young was 28 years old, single, and had no dependents at the time of his death.

Nell Mitchell, a resident of Coral Gables, Florida, left Grentners Restaurant in South Miami to return to her home on Mercado Avenue. In route, she struck the bicycle operated by Dr. Young throwing him approximately one hundred feet and killing him instantaneously. Mrs. Mitchell failed to stop and continued on to her destination dragging the decedent's bicycle for over a mile. Following an investigation, Mrs. Mitchell was located at Doctors Hospital by the Coral Gables Police and was charged, inter alia, with driving under the influence. of intoxicating beverages. Mrs. Mitchell pled no contest to a charge of manslaughter by operation of a motor vehicle while intoxicated and was adjudicated guilty.

Dr. Young's intestate estate was opened for probate in Holyoke, Massachusetts and his father, Earl N. Young, was appointed administrator.

## II. CONCLUSIONS OF LAW

█ Plaintiffs opposition to the defendant's motion for partial summary judgment is premised on two assumptions. Admitting that the Florida choice of law rules govern this Court's determination under the *Erie* doctrine and under *Klaxon v. Stentor Electric Mfg. Co.* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), plaintiffs argue that no Florida court would today apply the doctrine of lex loci delicti, but would follow instead the "most significant contacts" test set forth in the Restatement (Second) of Conflicts of Law § 145 (1971).

Applying these criteria, it is suggested by plaintiffs that Massachusetts has the most significant contacts with the case and its law should be followed to the exclusion of the Florida Statute. I disagree.

█ By examination of the record and by construing facts in a light most favorable to the plaintiffs, it is apparent that the interests of Massachusetts are, at best, tenuous.

█ The accident occurred in Florida between a citizen of that state and an individual who was no mere transient in the state. While Dr. Young may have been a domiciliary of Massachusetts for diversity purposes (again, construing the facts in a light most favorable to the plaintiffs), it is clear that at the time of his death, he had been a "temporary" resident of this state since 1965 and had enjoyed the benefit and protection of its laws for an equal period of time and he held Florida Drivers License # Y 520 281–47–123 at the time of his death. This Court does not now assert an abrogation of the traditional view that an out of state student may retain his domicile of origin while attending school or may elect to change it. See Wright and Miller § 3619 and *Mallon v. Lutz,* E.D.Mich. 1963, 217 F.Supp. 454; Cf. *Mas v. Perry,* 5th Cir. 1974, 489 F.2d 1396 at 1400. However, while domicile is required for § 1332 purposes, residence is not. It is not uncommon for a resident of one state to be a domiciliary of another state for diversity purposes. See *Mas v. Perry,* supra. Residence, as well as domicile, has been cited as a factor to be considered by the Court in determining choice of law problems under the contacts test advanced in the Restatement.

Furthermore, in light of the decedent's apparent desire to acquire a Texas domicile, and his long temporary residence in Florida, it is difficult to accept the view that the true interests of Massachusetts are compelling.

Therefore, the Court rejects the contention that Florida has no interests to protect in this case and, if it were to adopt the test expressed in the Restatement, it would be compelled to hold that the Florida interests are controlling and that its act should apply.

█ However, it is not necessary to reach this conclusion, as the Court finds that the oft-criticized lex loci doctrine remains the substantive law of the forum as to causes of action sounding in tort. See *Hopkins v. Lockheed Aircraft Corp.,* Fla. 1967, 201 So.2d 743, *Hopkins v. Lockheed Aircraft,* 5th Cir. 1968, 394 F.2d 656, and *Colhoun v. Greyhound Lines,* Fla. 1972, 265 So.2d 18.

THEREFORE it is

ORDERED AND ADJUDGED that defendants motion for partial summary judg-

ment be and hereby is granted insofar as she seeks to have the Florida Wrongful Death Act, F.S. 768.18, et seq. (1975) applied as the law of the case. All questions regarding the admissibility of evidence under the provision of the act are reserved for trial.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida this 12th day of August, 1977.