**Michael Joseph O'BRIEN, Plaintiff,**

v.

**Sean Michael JANSEN, Defendant.**

**Civ. A. No. AMD 95–1406.**

United States District Court,
D. Maryland.

Oct. 31, 1995.

John Christopher Hanrahan, Gimmel, Weiman, Ersek & Blomberg, Gaithersburg, MD, for plaintiff.

John Fitzgerald McLemore, Capital Heights, MD, for defendant.

### MEMORANDUM

DAVIS, District Judge.

The parties are students at the University of Maryland at College Park, located in Prince George's County, Maryland. Plaintiff's damage claims (for battery and intentional infliction of emotional distress) arise out of a physical confrontation between the parties on the university campus in December 1994. Plaintiff, who resides in Montgomery County, Maryland, alleged in his Complaint, filed on May 10, 1995, that defendant is a citizen of Illinois. Upon defendant's denial of that allegation, I insisted that counsel brief the issue of jurisdiction, and they have filed their memoranda. No hearing is deemed necessary.

Most of the facts bearing upon jurisdiction are essentially undisputed. Defendant resided with his parents in Pennsylvania at the time he matriculated at the University of Maryland in September 1993, when he was 17 years old. Sometime near the end of his freshman year at the university, after his 18th birthday, defendant's parents moved to Illinois. When the Complaint was filed in May 1995, Defendant retained his Pennsylvania driver's license, issued in May 1993. He had not registered to vote in any state. For the years 1992, 1993 and 1994, defendant filed state tax returns with the Pennsylvania authorities, and not in any other state.

Furthermore, defendant's brother lives in Baltimore, and defendant resided with his brother during breaks from school (including the summer of 1994), although he also resided with his parents in Illinois during some portion of the summer of 1995. Defendant has not been deposed, apparently, but has given arguably conflicting responses as to his domicile in answers to interrogatories: al-

though he responded to a request for his "permanent address" by providing his parents' Illinois address, he also described his brother's Baltimore City address as his "primary residence."[1]

Most of the diversity cases involving college students involve student/plaintiffs who seek to establish federal jurisdiction, and who thus seek to prove, or to disprove, a change in their *own* domicile. *E.g., Murphy v. The Newport Waterfront Landing, Inc.,* 806 F.Supp. 322, 324 (D.R.I.1992) (plaintiff sought to prove citizenship different from that alleged in his complaint after motion to dismiss filed); *Hakkila v. Consolidated Edison Co., Inc.,* 745 F.Supp. 988, 989 (S.D.N.Y. 1990); *Lyons v. Salve Regina College,* 422 F.Supp. 1354, 1357 (D.R.I.1976), *rev'd on other grounds,* 565 F.2d 200 (1st Cir.1977), *cert. denied,* 435 U.S. 971, 98 S.Ct. 1611, 56 L.Ed.2d 62 (1978); *Gordon v. Steele,* 376 F.Supp. 575, 576 (W.D.Pa.1974); *Campbell v. Oliva,* 295 F.Supp. 616, 617 (E.D.Tenn.1968); *Wehrle v. Brooks,* 269 F.Supp. 785, 787 (W.D.N.C.1966); *Mallon v. Lutz,* 217 F.Supp. 454, 456 (E.D.Mich.1963). As the above cases show, this is a fact-intensive undertaking.

The parties here agree that citizenship, under the diversity jurisdiction authorized by 28 U.S.C. § 1332, in respect to individual defendants, equates to domicile, *see Texas v. Florida,* 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939) (domicile is "residence in fact, coupled with the intent to make the place of residence one's home"). They also agree that (1) the burden is upon the party invoking the federal court's jurisdiction to establish facts supporting its exercise, *R.G. Barry Corp. v. Mushroom Makers, Inc.,* 612 F.2d 651, 655 (2d Cir.1979); (2) by a preponderance of the evidence, *Scoggins v. Pollock,* 727 F.2d 1025, 1026 (11th Cir.1984); *cf. Gordon,* 376 F.Supp. at 576 (jurisdiction must be established by "convincing evidence"); and

(3) the relevant date is the date on which the case is instituted. *Phoenix Mutual Life Ins. Co. v. Adams,* 30 F.3d 554, 558 n. 3 (4th Cir.1994), *citing Leimbach v. Allen,* 976 F.2d 912, 917 (4th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1322, 122 L.Ed.2d 708 (1993).

The cases stress that although the burden is upon one who invokes federal jurisdiction to establish it, a party's preexisting domicile is presumed to continue unless and until it appears that (1) he was physically present in another state and (2) he intended to remain there indefinitely. *Scoggins v. Pollock,* 727 F.2d at 1026. In the instant case, these principles have come into sharp conflict. On the one hand, defendant, especially since he moved to Maryland (in Fall 1993) as a minor to attend college, is covered by the presumption that his then Pennsylvania domicile continued to reflect his "citizenship" for diversity jurisdiction purposes.

On the other hand, several factors undermine the strength and efficacy of the presumption here. First, his parents moved to Illinois sometime in the spring or summer of 1994, after he had attained his majority. It is unlikely that the law is prepared to indulge the fiction that defendant's domicile shall be that of his parents no matter where they move, even after he has attained his majority.[2] Moreover, defendant resided with his brother in Maryland during school breaks, and has stated under oath that his "primary" residence is (and was at the time this case was instituted) in Maryland at the home of his brother. Finally, at the time of the institution of this action in May 1995, defendant had not spent the summer with his parents in Illinois, and based upon the record before me, he had been a resident of Maryland continuously since matriculating at the university. Even plaintiff "concedes that there is a dispute as to whether [d]efendant is a

---

1. The telephone listing at his parents' Illinois address is described as "his parent's [telephone] number."

2. The record is devoid of evidence regarding the extent of the economic or financial dependence, if any, defendant may have had upon his parents. *See* 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3619 (1984) ("Of

course, a student may acquire a domicile at the location of the school and courts probably will be more willing to reach this conclusion in the future because of the general reduction of the age of majority to 18.") (footnotes omitted). *See also Gordon,* 376 F.Supp. at 578 (noting "current tendency to treat students 18 years of age and above as emancipated.").

domiciliary of … Pennsylvania or … Illinois."

Under the circumstances presented, I do not agree with the further assertion by plaintiff that it "is not dispute[d] that [d]efendant is not domiciled in … Maryland." Plaintiff's Opposition Memorandum at 6. In my view, the evidence here is very much in equipoise. I am not persuaded that it is sufficient for plaintiff simply to produce evidence that it is equally likely that defendant is a domiciliary of Illinois, Pennsylvania or Maryland. Something more is required. Plaintiff, clearly charged with anticipating such difficulties, has chosen not to depose defendant to nail down the particulars of defendant's residency, living arrangements or his future, post-graduate intentions. While there is a presumption of a continuation of a preexisting domicile (although the presumption is seriously weakened in this case, as stated above), there certainly is no presumption of federal jurisdiction. On the contrary, it was plaintiff's burden to establish the facts supporting the existence of federal diversity jurisdiction by a preponderance of the evidence. Plaintiff's failure to do so requires that this case be dismissed. A separate order shall issue.