**Alan S. KESSLER, Plaintiff,**

v.

**HOME LIFE INSURANCE COMPANY, Phoenix Home Life Insurance Company and the Union Central Life Insurance Company, Defendants.**

**Civil Action No. AMD 96–2671.**

United States District Court, D. Maryland.

June 5, 1997.

Harvey S. Wasserman, Annapolis, MD, for Plaintiff.

Bryan D. Bolton, Funk & Bolton, P.A., Baltimore, MD, for Defendants.

ORDER

DAVIS, District Judge.

This is a breach of contract action founded on Maryland law. Defendants have declined to pay benefits under a disability policy issued to plaintiff Kessler on the ground, *inter alia,* that Kessler's psychiatric condition "manifested itself" prior to the issuance of the policy and therefore any disability arising from that condition is not a covered disability. Kessler counters that the policy defines covered illnesses in a manner that runs afoul of the Maryland Insurance Code, to wit, it seeks to avoid the obligation to cover preexisting conditions after the period of contestability through linguistic legerdemain. Kessler has a tightly-reasoned intermediate appellate court opinion in his favor. *Insurance Commissioner v. Mutual Life Ins. Co. of N.Y.,* 111 Md.App. 156, 680 A.2d 584 (1996). The Maryland Court of Appeals has granted *certiorari,* however, and presumably will shortly provide an authoritative exposition of the law. While defendants' motion for summary judgment relies on other arguments, I am persuaded that the issue relating to the so-called "exist/manifest" dichotomy is dispositive. Ordinarily, therefore, I would stay this case pending the Court of Appeals' resolution of what I regard as a controlling issue.

**12**

What has become apparent, however, in the course of the summary judgment proceedings is that this Court lacks jurisdiction over this action. Kessler instituted the action in the Circuit Court for Anne Arundel County. Alleging that he was owed $7000 in monthly benefits and that eight months of benefits had been denied him, he specifically sought $56,000. *See* Complaint at ¶ 4. Defendants timely removed the case to this Court on the basis of diversity of citizenship. In the Notice of Removal defendants asserted that "[p]laintiff *alleges* that the matter in controversy exceeds the sum or value of $50,000[1], exclusive of interest and costs." Notice of Removal at ¶ 8 (emphasis added). It is significant that the Notice of Removal did not allege *affirmatively* that the jurisdictional amount was satisfied, but alleged only that plaintiff sought an amount that exceeded the jurisdictional minimum. What has now become indisputably clear is that Kessler's actual claim never equalled or exceeded the minimum jurisdictional amount. *See* Mem. Supp. Defs. Mot. Summ. Judg. at 4–5, Exhs. 13, 14 & 15 (demonstrating that Kessler was denied benefits for no more than a total of five months and nine days); *see also* Pl. Mem. Opp. Mot. Summ. Judg. at 1 ("To the extent ... payments have been made, [p]laintiff concedes that [d]efendants are entitled to summary judgment for said amounts.").

Ordinarily, the existence of subject matter jurisdiction based on diversity of citizenship is determined as of the filing of, and on the face of, the complaint in an original action, *see O'Brien v. Jansen*, 903 F.Supp. 903, 905 (D.Md.1995), and, in addition, at the time of the removal in an action filed in state court. *United Food Local 919 v. CenterMark Properties*, 30 F.3d 298, 301 (2d Cir. 1994). The primacy ordinarily assigned to the allegations in the complaint (or Notice of Removal) evaporates as to allegations not made in good faith. *See, e.g., DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir.1995) ("The face of the plaintiffs pleading will not control if made in bad faith."). In this case, I cannot discern good faith in a contract action in which plaintiff obviously well knew (or should have known) at all times what amounts he had been paid, and defendants well knew (or should have known) at all times what amounts they had paid. It could only have been the parties' failure fully to advise their counsel (and/or plaintiffs counsel's own whimsical decision to "round off" the amounts that could be claimed in good faith) that could explain what equates to a belated concession that, to a "legal certainty, jurisdiction is lacking." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961). Although it was always "true," now that it is abundantly clear to a "legal certainty" that plaintiff will not recover an amount that is at least equal to the jurisdictional minimum, remand is not only appropriate, but mandated. *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781 (2d Cir.1994), is on all fours with this case and so holds.

Accordingly, it is this 5th day of June, 1997, by the United States District Court for the District of Maryland, *sua sponte*

(1) ORDERED THAT THIS CASE IS REMANDED TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY; and it is further

(2) ORDERED that the Clerk CLOSE THIS CASE; and it is further

(3) ORDERED that the Clerk mail copies of this Order to counsel of record.

---

**1.** The jurisdictional amount was recently increased to $75,000. *See* § 205, Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, 110 Stat. 3847 (October 19, 1996).