286 F.2d 135
 Lawrence Henry APPELT, a Minor, by Henry C. Appelt, His Guardian, Plaintiff-Appellant,
v.
Thomas M. WHITTY, Defendant-Appellee, and
Otis E. Brown and Dorothy Brown, individually, and d/b/a Bon Bon Tap; William J. Heuser and Emily Heuser, Additional Party Defendants-Appellees.
 No. 13112.
 United States Court of Appeals Seventh Circuit.
 January 31, 1961.
 
 Philip H. Corboy, Gerald M. Chapman, Chicago, Ill., for appellant.
 David J. Krupp, Koven, Koven, Salzman & Homer, Charles N. Salzman, Paul Homer, Jerome Marks, Chicago, Ill., for defendants-appellees.
 Before HASTINGS, Chief Judge, and SCHNACKENBERG and KNOCH, Circuit Judges.
 KNOCH, Circuit Judge.
 
 
 1
 Lawrence Henry Appelt, as plaintiff, brought action, to recover damages for personal injuries, against Thomas M. Whitty, as defendant. Subsequently, Henry C. Appelt, as his guardian, was named as additional party plaintiff; and Otis E. Brown and Dorothy Brown, individually and d/b/a Bon Bon Tap; and William J. Heuser and Emily Heuser; were named as additional party defendants. The caption of the first amended complaint at law reads as shown above.
 
 
 2
 In his first amended complaint, plaintiff charged defendant Thomas M. Whitty with negligent operation of his motor vehicle, as a proximate result of which the minor plaintiff was allegedly injured. Damages were sought in the amount of $20,000 each from the Browns and the Heusers and $150,000 from Whitty. In a second count, plaintiff complained that the Browns operated a tavern, in premises owned by the Heusers who leased to the Browns, in which tavern, defendant Whitty had allegedly become intoxicated, and while so intoxicated, had operated his motor vehicle to plaintiff's injury.
 
 
 3
 The complaint was again amended to state that Lawrence Henry Appelt, Dixie Appelt, his wife, Scott Appelt, his son, and Henry C. Appelt, his guardian, were all citizens and residents of the State of Michigan, whereas the defendants were all citizens and residents of the State of Illinois. At no time did the complaint, as twice amended, indicate whether Henry C. Appelt was a statutory or court-appointed guardian.
 
 
 4
 After the minor plaintiff's deposition had been taken, all the defendants moved to dismiss the cause for want of jurisdiction in the District Court, as there appeared to be no diversity of citizenship between the parties. They relied entirely on statements made in the course of the deposition. Plaintiff filed a motion in opposition to defendants' motion to dismiss, in which he also relied on statements made in the same deposition.
 
 
 5
 Specifically, plaintiff refers to statements that he and his wife had no Illinois driver's license or plates, and that both held Michigan driver's licenses; that plaintiff was only a temporary resident of Chicago, during a training program operated by his employer, International Business Machines of Chicago, Illinois, having been engaged through a branch office in Grand Rapids, Michigan; that he was taken to a hospital in Michigan for completion of his cure after the injuries; that he remained in his father's home while recuperating, and continuing to visit physicians in Michigan; that he purchased no permanent furniture for his residence in Chicago. He also had stated that in January, 1959, he and his wife occupied a furnished apartment in Chicago on a month to month tenancy; that at the end of April, 1959, he, his wife, and their infant son, moved into an unfurnished apartment in Chicago, which plaintiff furnished completely with a rented stove and refrigerator and with furniture from his parents and in-laws. He had registered with Chicago utilities companies and had a telephone installed. At the time of the deposition, April 21, 1960, he was still occupying that apartment. His wife, who worked from time to time during the period they lived in Chicago, remained in the apartment while plaintiff was away. The rent was paid continuously while he was gone. He occupied the apartment on a written lease for one year. He stated that he had an agreement with his landlord whereby he would be allowed to break his lease if his employer transferred him out of Chicago. He testified that there was no set termination time for the training program. At the conclusion of the training program, he might be assigned to work in some other city, or to remain in Chicago; there was no understanding that he would be transferred to Michigan. There was evidence to support a finding that plaintiff and his wife owned no automobile while they were in Chicago. At one point in his deposition, plaintiff said that he owned a car in September of 1959 and had it before he was married. On cross examination, however, he stated that he had sold the car in November, 1958, a month after he was married.
 
 
 6
 The District Judge dismissed the cause for lack of jurisdiction for the reason that there was no diversity of citizenship, and this appeal followed.
 
 
 7
 Plaintiff contends that Lawrence Henry Appelt is a citizen of Michigan, but that his citizenship is not determinative; that a minor may not maintain an action for personal injuries in his own name, even where, as here, he is married, the father of a child, and residing apart from his parents; that his guardian's citizenship is determinative in ascertaining whether diversity exists, and that Henry Appelt's citizenship in Michigan is not contested.
 
 
 8
 Plaintiff speaks of defendants' motions as motions for summary judgment. He assigns error in the District Court's decision of a contested issue of fact as to citizenship. The record, however, shows these motions to be motions for dismissal for want of jurisdiction, not motions for summary judgment. Disputed issues of jurisdictional fact may be heard and determined by the Trial Court. Gilbert v. David, 1915, 235 U.S. 561, 568, 35 S.Ct. 164, 167, 59 L.Ed. 360. This Court will not set aside the Trial Court's finding of want of jurisdiction unless it is clearly erroneous. Federal Rules of Civil Procedure, Rule 52(a), 28 U.S.C.A.
 
 
 9
 There is nothing in the pleadings to show that Henry C. Appelt is an appointed guardian. It is a fair assumption that he is a next friend or guardian ad litem. The citizenship of a next friend is not a test of the District Court's jurisdiction. Blumenthal v. Craig, 3 Cir., 1897, 81 F. 320, 322.
 
 
 10
 The record of Lawrence Henry Appelt's conduct abundantly supports a finding that he was an emancipated minor under Illinois law, empowered to secure a domicile of his own choice. For example, he had been married for almost a year when this suit began; he contracted for his own services and used his wages for the support of himself, his wife and child. Iroquois Iron Co. v. Industrial Commission, 1920, 294 Ill. 106, 109, 128 N.E. 289, 12 A.L.R. 924. Similarly the minor's actions as set out in his deposition show that he had been living in Chicago for more than a year with the intention of remaining for an indefinite period, without any fixed intention of returning to Michigan. The effect of these specific circumstances cannot be overcome by his own stated conclusion that he was only temporarily in Chicago. Granite Trading Corporation v. Harris, 4 Cir., 1935, 80 F.2d 174, 176. The deposition evinces a change of abode and an intent to remain there indefinitely. Gilbert v. David, supra, 235 U.S. 569, 35 S.Ct. 166. As Lawrence Henry Appelt is an Illinois minor, his father, a non-resident, could not have been appointed guardian of his estate in Illinois. Illinois Revised Statutes, 1959, ch. 3, § 286.
 
 
 11
 Other arguments advanced by plaintiff have been scrutinized and found to be without merit. The order of the Trial Court dismissing this cause for want of jurisdiction is affirmed.