George Curtis PAULEY, Jr., Infant and George Curtis Pauley, Sr., Father and next friend, Plaintiffs,

v.

Fannie PAULEY, Defendant.

Civ. No. 73-778-Y.

United States District Court, D. Maryland.

Dec. 20, 1972.

Charles S. Sandler, Baltimore, Md., for plaintiffs.

William A. Hegarty, Baltimore, Md., for defendant.

## MEMORANDUM OPINION AND ORDER

JOSEPH H. YOUNG, District Judge.

Michael Hatfield, while operating the vehicle of defendant Fannie Pauley in anticipation of purchase, was involved in an accident with resulting injuries to George Curtis Pauley, Jr., a passenger and grandson of defendant. Pauley, Jr., by his father and next friend, George Curtis Pauley, Sr., has sued defendant

on the theory of respondeat superior, contending that Hatfield operated the vehicle negligently while acting as an agent of the defendant.

Defendant has moved to dismiss the complaint alleging a lack of diversity jurisdiction and the failure of plaintiffs to join Hatfield as a necessary party under Rule 19, Federal Rules of Civil Procedure, the latter more properly stated as "indispensable" party.

### I.

■■ It was undisputed at the hearing that the plaintiff, Pauley, Sr., is domiciled in Maryland and defendant Pauley in West Virginia. Pauley, Sr. has presented the Court with a copy of a divorce decree showing that he retains custody over his son. Thus, Pauley, Jr. must be presumed domiciled in Maryland. Bergen v. Bergen, 439 F.2d 1008 (3rd Cir. 1971), cf. Ziady v. Curley, 396 F.2d 873 (4th Cir. 1968). His attendance at school in West Virginia does not affect this conclusion. See Bell v. Milsak, 106 F.Supp. 219 (W.D.La.1952). There is nothing in the record to indicate that he is "emancipated," distinguishing the case of Appelt v. Whitty, 286 F.2d 135 (7th Cir. 1961), or that he intends to reside permanently in West Virginia, see Texas v. Florida, 306 U.S. 398, 59 S.Ct. 563, 83 L.Ed. 817 (1939), Helvering v. Campbell, 139 F.2d 865 (4th Cir. 1944). Based upon the unrebutted presumption, plaintiffs properly invoke diversity jurisdiction.

### II.

Relying on Federal Rules of Civil Procedure 19 and 12(b)(7), defendant moves to dismiss because Michael Hatfield has not been joined and is not subject to personal jurisdiction.

■■ The issue of personal jurisdiction is governed by state law. Arrowsmith v. United Press International, 320 F.2d 219 (2nd Cir. 1963). It is clear that under Maryland law, this Court lacks jurisdiction over West Virginia resident Hatfield. Maryland Annotated Code, Article 75, § 96. See Piracci v. New York City Employers' Retirement System, 321 F.Supp. 1067 (D.Md.1971), Lawson v. Baltimore Paint and Chemical Corp., 298 F.Supp. 373 (D.Md.1969).

■ If, therefore, it is determined that Hatfield is an "indispensable party," the suit must be dismissed or transferred. This involves broad considerations of equity and, more specifically, the considerations detailed in Provident Tradesmens Bank and Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

First, the plaintiffs have a legitimate interest that a forum be available. But as will be shown, West Virginia is an obvious alternative.

■ Secondly, the defendant may properly wish to avoid multiple litigation, or inconsistent relief, or sole responsibility for liability shared with another. That there may be multiple litigation follows from the fact that if plaintiffs succeed, the next step is for defendant to sue Hatfield in West Virginia for indemnity. The theory that an actively negligent agent must indemnify his technically liable principal is deeply rooted in the common law. See United States v. Gilman, 347 U.S. 507, 74 S.Ct. 695, 98 L.Ed. 898 (1954), General Dynamics Corp. v. Adams, 340 F.2d 271 (5th Cir. 1965), Canadian Indemnity Co. v. United States Fidelity & Guarantee Co., 213 F.2d 658 (9th Cir. 1954), cf. Wallenius Bremen G.m.b.H. v. United States, 409 F.2d 994 (4th Cir. 1969), 42 C.J.S. Indemnity § 21. The possibility of inconsistent relief or sole responsibility for a shared obligation is derived from the inapplicability of collateral estoppel to Hatfield. The latter, not having had his day in court, his opportunity to present evidence, cross-examine witnesses, and generally conduct the trial, would not be barred from defending.

Thus, in several cases involving successful suits against owners of cars, the agents have not been foreclosed from either defending suits against themselves or prosecuting countersuits against the original plaintiffs. Makariw v. Rinard, 336 F.2d 333 (3rd Cir. 1964), Mackris v. Murray, 397 F.2d 74 (6th Cir. 1968), see also Graves v. Associated Transport, Inc., 344 F.2d 894 (4th Cir. 1965). The West Virginia Supreme Court of Appeals, whose law would apply, is also insistent that there should be no collateral estoppel in such a case. That Court emphasized in addition the problems of collusion between a plaintiff and defendant owner in a family dispute. Gentry v. Farruggia, 132 W.Va. 809, 53 S.E.2d 741 (1949), Barnett v. Wolfolk, 149 W.Va. 246, 140 S.E.2d 466 (1965). Thus, Hatfield might defend successfully, leading to the anomalous conclusion that while Hatfield is found free of negligence, defendant here would be liable based on a finding of Hatfield's negligence. Rule 19 was designed to avoid such illogical results.

Thirdly, Hatfield's absence as a party could prejudice his defense as a practical matter despite there being no collateral estoppel. An argument could be made that Hatfield should be bound for bypassing an adequate opportunity to intervene. This, however, is unpersuasive as an indirect way of expanding the Court's in personam jurisdiction. There remains the elusive problem of whether Hatfield would be prejudiced by having to defend a subsequent indemnity suit rather than participating in a complete lawsuit. He would lose whatever aid the defendant here might afford him, and the lapse of time could make trial preparation more difficult. Although speculative, there is some chance of prejudice.

Fourthly, a paramount determinant of Rule 19 motions must be the efficient, complete and equitable adjudication of a multiparty lawsuit. A court in West Virginia could fairly and completely resolve all issues relevant to this lawsuit between all interested parties. This includes the problem of indemnity and any claim Hatfield might make. The accident having occurred in West Virginia, it is equitable for plaintiffs to try the suit there. Pauley, Jr.'s attendance at school in West Virginia reinforces this inference. In contrast, the only contact defendant has with Maryland is the mere presence on which jurisdiction is based. This carries little weight in modern thought in comparison to "the bearing that local contacts have to the question of overall fair play and substantial justice." Atkinson v. Superior Court, 49 Cal.2d 338, 316 P.2d 960 (1957). The related consideration of litigational convenience—witnesses, evidence, the facilitation of discovery—weighs heavily in favor of West Virginia. Finally, there is the advantage of a court in West Virginia rather than a court in Maryland applying West Virginia law. See Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1115 (1941), Brady v. State Farm Mutual Ins. Co., 254 Md. 598, 255 A.2d 427 (1969).

■ The Court might strain to effect a compromise, but given the natural locus of this case in West Virginia in conjunction with the guidance of *Provident*, the better solution is to transfer for lack of an indispensable party.

### III.

Plaintiffs argue that as one of two joint tortfeasors, defendant is not entitled to the benefit of Rule 19. See Debbis v. Hertz Corp., 269 F.Supp. 671 (D. Md.1967).

■ But defendant and Hatfield are not joint-tortfeasors, defined as persons acting in concert, in pursuance of a common design, or persons whose acts combine to produce a single indivisible result, as in the case of a party wall.

Prosser, Law of Torts, (4th Ed.) §§ 46–48. Rather, the concepts of principal and agent imply vicarious liability.

Furthermore, the rule that a joint tortfeasor is never an "indispensable" party is undermined by the rejection in *Provident* of the notion that certain classes of persons are or are not "substantively" indispensable parties. The finding of "indispensability" concludes the reasoning process rather than forecloses it.

### IV.

Plaintiffs also argue strenuously that in equity and good conscience the Court could not compel a trial near defendant Pauley's hometown of Gilbert, suggesting the parties are related to the celebrated Hatfields and McCoys and that a trial in West Virginia would be an invitation to mayhem. Assuming, without deciding, that a trial in the vicinity of Gilbert poses a substantial risk of igniting old rivalries to the detriment of justice, the Court foresees no problem in removing the lawsuit to a more placid district in West Virginia.

### V.

Rule 19 is not jurisdictional, but is addressed beyond jurisdiction to the equitable spirit of the Court. Mallow v. Hinde, 12 Wheat. (25 U.S.) 193, 6 L.Ed. 599 (1827), Young v. Powell, 179 F.2d 147 (5th Cir. 1950), Pioche Mines Consol, Inc. v. Fidelity-Philadelphia Trust Co., 202 F.2d 944 (9th Cir. 1953). The operation of 28 U.S.C. § 1404(a) in this context complements Rule 19 by facilitating the transfer of this action to the United States District Court for the Southern District of West Virginia.

For the above reasons, it is this 20th day of December, 1972,

Ordered that the action be transferred to the United States District Court for the Southern District of West Virginia in accordance with the provisions of 28 U.S.C. § 1404(a).