**SAFECO INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**Sylvester MIRCZAK and Elvetia Mirczak, husband and wife; S.K.B., a minor child, by her Guardian ad Litem, Anna Winchell; R.R.B. and L.G.B., husband and wife; and Employers Fire Insurance Company, Defendants.**

No. CV–N–86–427–ECR.

United States District Court,
D. Nevada.

May 11, 1987.

Margo Piscevich, Reno, Nev., and David B. Paynter, San Francisco, Cal., for plaintiff.

Peter Chase Neumann, Reno, Nev., for S.K.B., a minor child and R.R.B. and L.G.B., husband and wife.

Andrew Kalnoki, Reno, Nev., for Employers Fire Ins. Co.

Thomas Mirczak, Reno, Nev., for Sylvester and Elvetia Mirczak.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

## INTRODUCTION

This case was initiated by Safeco Insurance Company of America ("Safeco") on September 5, 1986. On October 23, 1986, Safeco filed a First Amended Complaint (docket # 4). The defendants are Sylvester Mirczak, Elvetia Mirczak, S.K.B., R.R.B., L.G.B., and Employers Fire Insurance Company ("Employers"). The plaintiff seeks declaratory relief. It asserts that the Court has subject matter jurisdiction over the case by virtue of the complete diversity of citizenship of the parties. *See* 28 U.S.C. § 1332.

On October 21, 1985, S.K.B., by a guardian ad litem, along with R.R.B. and L.G.B., S.K.B.'s parents, sued Sylvester and Elvetia Mirczak in The Second Judicial District Court of the State of Nevada in and for the County of Washoe. That state court case is numbered 85–6583. The basis of case 85–6583 is the allegation by the plaintiffs therein that Sylvester Mirczak verbally and sexually assaulted and abused S.K.B. on the property of Sylvester and Elvetia Mirczak. The claims in 85–6583 are apparently based upon alleged negligence of the Mirczaks.

Safeco and Employers have, during different periods of time, been insurers of Sylvester and Elvetia Mirczak. Safeco brought the present case seeking a declaratory judgment to the effect that the insurance policies issued by it to the Mirczaks do not cover the injuries alleged in the state case to have been suffered by S.K.B., R.R.B., and L.G.B.

On December 11, 1986, defendant Employers filed an Answer to First Amended Complaint for Declaratory Relief and Cross-Claim (docket # 11). Employers' cross-claims are against codefendants Sylvester Mirczak, Elvetia Mirczak, S.K.B., R.R.B., and L.G.B., as well as Does 1–XX and Roes 1–XX. Employers seeks a declaratory judgment to the effect that the insurance policies issued by it to Sylvester and Elvetia Mirczak do not furnish coverage to those parties as to the damages that they may be liable for in the civil action pending against them in The Second Judicial District Court of the State of Nevada, Case Number 85–6583.

On January 14, 1987, Elvetia and Sylvester Mirczak each filed an Answer to First Amended Complaint for Declaratory Relief, Affirmative Defenses and Counterclaim (docket # 24 and # 25). The Mirczaks counterclaims against Safeco are for alleged breach by Safeco of its duty of good faith and fair dealing.

Six motions are before the Court.

## S.K.B.'s MOTION TO DISMISS

On November 19, 1986, defendant S.K.B. moved the Court to dismiss this action for lack of subject matter jurisdiction (docket # 7). Plaintiff opposed the motion (docket # 8), and S.K.B. replied (docket # 13). The motion by S.K.B. has two bases. First, she argues that complete diversity is lacking since she and Safeco are both citizens of Washington. Second, S.K.B. argues that Safeco has failed to properly allege in its complaint the facts establishing the citizenship of itself and Employers.

 The party asserting diversity jurisdiction bears the burden of proof. *Lew v.*

*Moss,* 797 F.2d 747, 749 (9th Cir.1986). An individual is a citizen of a state for the purposes of diversity jurisdiction if she is domiciled. in that state. *Id.* A person is "domiciled" in a location where she has established a fixed habitation or abode and intends to remain indefinitely. *Id.* at 749–750. The domicile of a person for purposes of diversity is determined as of the time the lawsuit is filed. *Id.* at 750; *Carter v. McConnel,* 576 F.Supp. 556 (D.Nev.1983). A person's old domicile is not lost until a new one is acquired. *Lew, supra* at 750.

█ Minors are considered incapable of forming the requisite intent to establish independent citizenship. *See* 13B Wright, Miller & Cooper, Federal Practice and Procedure § 3615 (2d ed. 1984). Generally, a minor's domicile is determined by reference to that of some other person. *Id.* In most cases, the minor's father's domicile controls. *Id. See, e.g., Wilson, by & through Wilson v. Kimble,* 573 F.Supp. 501 (D.Colo. 1983); *Fahrner v. Gentzsch,* 355 F.Supp. 349 (E.D.Pa.1972); *Pauley v. Pauley,* 58 F.R.D. 386 (D.Md.1972).

█ When this case was filed, S.K.B.'s parents were both domiciled in Nevada; S.K.B. was residing in Washington. *See* Affidavit of Sarah Byloff, attached to S.K. B.'s Motion to Dismiss. S.K.B. was then residing at the Annie Wright School, a boarding school in Tacoma, Washington. *See* Affidavit of Beryl Horton, attached to Motion to Dismiss for Lack of Subject Matter Jurisdiction by R.R.B. and L.G.B. (docket #29). While at the boarding school, S.K.B. was under the supervision of a residential and academic adviser. *Id.* S.K.B. did not spend her vacations at the boarding school. *Id.* A fair inference is that she spent vacations in Nevada with her family. Further, there is no indication that S.K.B. was supported in any way other than by her parents.

In this situation, the Court finds that S.K.B. was domiciled in Nevada when the case was filed. S.K.B.'s domicile was that of her parents. The fact that she attended a boarding school in Washington did not change her domicile.

It is notable that S.K.B., by her guardian ad litem, asserted in Nevada courts that she was a citizen of Nevada even after she began attending the Washington boarding school. She started attending the boarding school in September, 1985. *See* Affidavit of Russ Byloff, attached to Reply in Support of Motion to Dismiss for Lack of Jurisdiction (docket #13). On October 21, 1985, S.K.B., by a guardian ad litem, alleged that she was a citizen of Washoe County, Nevada, in her First Amended Complaint in Case 85–6583. *See* Exhibit A to Plaintiff's Points and Authorities in Opposition to Motion to Dismiss for Lack of Jurisdiction (docket #8). On September 16, 1986, a year after S.K.B. had begun attending the boarding school in Tacoma and eleven days after the complaint in the case at bar was filed, S.K.B., by a guardian ad litem, filed an Answer and Counterclaim in a case brought by Employers against S.K.B. and others in The Second Judicial District Court of the State of Nevada (Case Number 86–2047). In that answer, S.K.B. admitted paragraph II of the First Amended Complaint which alleged that S.K.B. was a resident of Washoe County, Nevada. *See* Exhibits B and C to Plaintiff's Points and Authorities in Opposition to Motion to Dismiss for Lack of Jurisdiction (docket #8).

The Court's finding on the citizenship of S.K.B. does not conflict with the cases of *Linville v. Price,* 572 F.Supp. 345 (S.D.W. Va.1983) and *Elliott v. Krear,* 466 F.Supp. 444 (E.D.Va.1979). In each of those cases, the domicile of a minor was determined by reference to the domicile of a person other than the minor's parents. Those cases are different from the case at hand, however, in that, in each, the person whose domicile determined the citizenship of the minor had nearly complete custody and control over the minor and provided support for the minor. In the case at hand, S.K.B.'s parents retained control over S.K.B. and they retained the duty to support her.

█ The other basis for the Motion to Dismiss filed on behalf of S.K.B. is that Safeco has not sufficiently alleged facts indicating the citizenship of the two corporate parties in this case, Safeco itself and

Employers. A plaintiff must affirmatively allege the essential elements of diversity jurisdiction. *Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 794 (9th Cir.1986); *In re Mexico City Aircrash of October 31, 1979*, 708 F.2d 400, 404 n. 4 (9th Cir.1983). The plaintiff has failed to do so. Safeco alleges to be "a Washington corporation fully authorized and licensed to engage in the sale of general and liability insurance in the State of Nevada." It alleged nothing concerning its principal place of business. About Employers, Safeco alleged only that "Employers Fire Insurance Company is a foreign corporation authorized and licensed to engage in the sale of general and liability insurance in the State of Nevada." Safeco made no specific allegations regarding Employers' state of incorporation or principal place of business.

Plaintiff has offered to file a Second Amended Complaint including this information. *See* Plaintiff's Points and Authorities in Opposition to Motion to Dismiss at pp. 7–8. The Court finds that justice requires that Safeco be granted leave to file a Second Amended Complaint, identical to its First Amended Complaint, but with the following language in lieu of paragraphs I and III of the First Amended Complaint:

> Plaintiff Safeco Insurance Company of America is a Washington corporation, incorporated in and under the laws of the State of Washington, with a home office and principal place of business located in Seattle, Washington, fully authorized and licensed to engage in the sale of general and liability insurance in the State of Nevada.
>
> Defendant Employers Fire Insurance Company is a Massachusetts corporation, incorporated in and under the laws of the State of Massachusetts, with a home office and principal place of business located in Boston, Massachusetts, fully authorized and licensed to engage in the sale of general and liability insurance in the State of Nevada.

The plaintiff will be allowed fifteen days to make the amendment. If the Second Amended Complaint is not filed within fifteen days, this action will be dismissed.

## S.K.B.'s MOTION TO AMEND MOTION TO DISMISS

On December 29, 1986, S.K.B. moved the Court for leave to add omitted defenses under Fed.R.Civ.P. 12(b) to her motion of November 19, 1986 (docket # 14). Plaintiff opposed the motion (docket # 21); S.K.B. replied (docket # 28). S.K.B. seeks to assert a defense of lack of personal jurisdiction and a defense of insufficiency of service of process. Neither defense has merit. The motion must be denied.

S.K.B. seeks to argue that the service of process upon her was insufficient in that the service was upon Anna Winchell, S.K.B.'s guardian ad litem in the related state court cases. S.K.B. would argue that Anna Winchell's appointment as guardian ad litem was in relation to the state cases only, and is not effective in this case. The argument has been mooted. S.K.B. was personally served with a summons and complaint in this action on December 31, 1986, at her parents' home in Reno, Nevada. *See* Return of Service filed January 2, 1987 (docket # 19). Also, on December 31, 1986, the summons and complaint were served on R.R.B. as the natural parent of and on behalf of S.K.B. *See* Return of Service filed January 2, 1987 (docket # 17). The service upon S.K.B. in this case is clearly sufficient. *See* Fed.R.Civ.P. 4(d); Nev.R.Civ.P. 4(d). *See also* S.K.B.'s Reply to Opposition to Motions to Dismiss Cross Claims (docket # 31) at page 6 ("This ground [insufficiency of service of process] is now moot, since ... S.K.B. has recently been personally served....") The Court will not, on this basis, allow amendment of S.K.B.'s Motion to Dismiss.

Next, S.K.B. seeks to argue that the Court lacks personal jurisdiction over her. She argues that she is a citizen of Washington, and that, therefore, the Court has jurisdiction over her only if Nevada's long-arm statute provides for it. She argues that that statute does not provide for jurisdiction in this case. *See* NRS § 14.065.

The Court has found that S.K.B. is a citizen of Nevada and that she was personally served in Reno. The Court need not look to the long-arm statute for personal

jurisdiction over S.K.B. Such jurisdiction is beyond question. The Motion to Amend Motion to Dismiss made by S.K.B. will be denied.

## S.K.B.'s MOTION TO DISMISS CROSS–CLAIM

On January 6, 1987, S.K.B. filed a Motion to Dismiss Cross-Claim for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, and Insufficiency of Service of Process (docket # 20). On January 21, 1987, Employers filed an opposition (docket # 27). S.K.B. filed her reply on February 4, 1987 (docket # 31). S.K.B. asserts four grounds for the motion.

First, she argues that the cross-claim must be dismissed because Safeco failed in its First Amended Complaint to properly allege the citizenship of itself and of Employers. As discussed above, Safeco will be allowed fifteen days to amend its complaint to remedy this shortcoming. The amendment will moot this basis for the Motion to Dismiss Cross-Claim. Therefore, this is a valid ground for dismissal of the cross-claim only if Safeco fails to amend.

S.K.B.'s second ground for the Motion to Dismiss Cross-Claim is her argument that she was domiciled in Washington when this action was filed and that, because she was thus a citizen of Washington, there is not complete diversity of citizenship between plaintiff and defendants in this case. As discussed above, the Court finds that S.K.B. was domiciled in, and was a citizen of, Nevada when this case was filed. This ground fails.

S.K.B.'s third argument is that the Court lacks personal jurisdiction over her. As discussed above, this argument has no merit: S.K.B. was a citizen of Nevada when the case was filed, and she was served in Reno, Nevada, with the summons and complaint.

S.K.B.'s last argument in support of this motion is that the service of the summons and complaint upon her was insufficient. As pointed out above, this argument fails because S.K.B. was personally served with the summons and complaint in Reno, Nevada, on December 31, 1987, and because her father was served in her behalf on the same day.

## MOTION BY R.R.B. AND L.G.B. TO DISMISS CROSS–CLAIM

On January 12, 1987, R.R.B. and L.G.B. filed a Motion to Dismiss Cross-Claim for Lack of Subject Matter Jurisdiction (docket # 23). On January 21, 1987, Employers opposed the motion (docket # 27). On February 4, 1987, R.R.B. and L.G.B. replied (docket # 31). There are two grounds asserted for the motion.

R.R.B. and L.G.B. assert that the cross-claim should be dismissed because Safeco failed to properly allege the citizenship of itself and of Employers. Safeco will be allowed fifteen days to amend to cure this shortcoming. The motion by R.R.B. and L.G.B. for dismissal of cross-claims will be granted on this basis only if Safeco fails to so amend.

The other ground asserted by R.R.B. and L.G.B. for their motion is that there is no diversity of citizenship because when the complaint was filed S.K.B. was a citizen of Washington, as is Safeco. The Court finds that S.K.B. was a citizen of Nevada when this action was initiated. There is complete diversity of citizenship between the plaintiff and the defendants in this case. The motion of R.R.B. and L.G.B. to dismiss Employers' cross-claims cannot be granted on this basis.

## MOTION BY R.R.B. AND L.G.B. TO DISMISS

On January 26, 1987, R.R.B. and L.G.B. filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (docket # 29). Safeco opposed the motion on February 9, 1987 (docket # 32). On February 27, 1987, R.R.B. and L.G.B. replied (docket # 37). R.R.B. and L.G.B. assert two grounds for their motion.

First, they argue that Safeco's claims against them must be dismissed for lack of subject matter jurisdiction as Safeco has failed to plead the facts necessary to indicate the citizenship of itself and Employers. Again, Safeco will be allowed fifteen days to file a Second Amended Complaint. Only if Safeco fails to do so will the claims

against R.R.B. and L.G.B. be dismissed on this basis.

Second, R.R.B. and L.G.B. argue that the Court lacks subject matter jurisdiction because S.K.B. and Safeco are both citizens of Washington. The Court finds that S.K.B. was a citizen of Nevada when this case was filed. Therefore, the motion to dismiss of R.R.B. and L.G.B. cannot be granted on this basis.

## SAFECO's MOTION TO DISMISS OR SEVER COUNTERCLAIMS

The last motion to be considered is Safeco's Motion to Dismiss or, in the Alternative, Sever Counterclaims (docket # 30). This motion was filed on January 30, 1987. Elvetia and Sylvester Mirczak, the counterclaimants, opposed the motion on February 18, 1987 (docket # 33 and # 34). Safeco replied to each of the oppositions on February 26, 1987 (docket # 35 and # 36).

Elvetia and Sylvester Mirczak each filed an Answer to First Amended Complaint for Declaratory Relief, Affirmative Defenses and Counterclaim (docket # 24 and # 25) on January 14, 1987. The counterclaims made by those parties are identical. They are framed as claims for breach by Safeco of its duty of good faith and fair dealing.

In its Motion to Dismiss or Sever, Safeco argues that Elvetia and Sylvester Mirczak have not stated claims against it because they have not alleged facts which establish that Safeco has abandoned, compromised, or rejected the defense or compensation of the Mirczaks. Safeco asserts in the motion that it continues to provide a defense for Sylvester Mirczak and Elvetia Mirczak in the underlying state case. Further, Safeco asserts that, if the counterclaims are not dismissed, they should be severed from the declaratory judgment action. In support of this assertion, Safeco cites Fed.R.Civ.P. 13(i), 42(b), and 57. Rule 42(b) allows the Court to order separate trials of claims where such is convenient, avoids prejudice or furthers expedition and economy; Rule 57 provides that the Court "may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar." Safeco points out in the motion that the counterclaims will require substan-

tially different discovery than that required for the claims seeking declaratory relief. The plaintiff asserts that the declaratory judgment action should not be delayed.

■ Safeco's motion is made pursuant to Fed.R.Civ.P. 12(b)(6). A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the counterclaimants can prove no set of facts in support of their claims that would entitle them to relief. *Rae v. Union Bank*, 725 F.2d 478, 479 (9th Cir.1984). The counterclaims are construed, and all doubts are resolved, in favor of the pleaders. *Amfac Mortgage Corp. v. Arizona Mall of Tempe*, 583 F.2d 426, 430 (9th Cir.1978). Further, on this motion to dismiss, the Court takes as true the facts alleged in the counterclaims, *Ernest W. Hahn, Inc. v. Codding*, 615 F.2d 830, 834 (9th Cir.1980).

■ Both counterclaimants make their claims based on breach of the duty of good faith and fair dealing. Elvetia Mirczak made the following factual allegations:

> In failing and refusing to provide coverage for Defendant Elvetia Mirczak, Plaintiff Insurance Company is acting solely in its own interests and wholly disregards the interests of Defendant Elvetia Mirczak herein and thereby subjects Elvetia Mirczak to an adverse result and a potentially substantial judgment for damages against her.

> The action of Plaintiff Safeco Insurance Company of America in refusing to defend Defendant Elvetia Mirczak against the claim of Defendants S.K.B., R.R.B. and L.G.B. in the above referenced action is capricious, arbitrary and vicious.

Elvetia Mirczak's Answer, Affirmative Defenses, and Counterclaim (docket # 24) at page 7, lines 1–6, and page 8, lines 18–21. Sylvester Mirczak makes nearly identical allegations in his counterclaim. Sylvester Mirczak's Answer, Affirmative Defenses, and Counterclaim (docket # 25) at page 6, lines 22–27, and page 8, lines 12–15.

If the factual allegations in the counterclaims are taken as true and if doubts are resolved in favor of the counterclaimants,

it is apparent that they have stated causes of action for breach of the duty of good faith and fair dealing. *See United States Fidelity & Guar. Co. v. Peterson*, 91 Nev. 617, 540 P.2d 1070 (1975). The assertions by Safeco that it has continued to defend Elvetia and Sylvester Mirczak and that it has not refused to pay valid claims under the policies it has issued to them are assertions of fact unsupported by affidavits or exhibits. Because the Court takes the counterclaimants' factual assertions as true, the counterclaims do state claims, and will not be dismissed for failure to do so.

The plaintiff asserts that if the counterclaims are not dismissed they should be severed from the declaratory judgment action. At this point the Court is not convinced that severance would promote convenience or avoid prejudice in this case. Neither is the Court convinced that severance would be conducive to expedition and economy. *See* Fed.R.Civ.P. 42(b). The plaintiff's motion to sever will be denied.

ORDER

IT IS, THEREFORE, HEREBY ORDERED that defendant S.K.B.'s Motion to Dismiss for Lack of Jurisdiction (docket # 7) is DENIED.

IT IS FURTHER ORDERED that defendant S.K.B.'s Motion to Amend Motion to Dismiss for Lack of Jurisdiction to Add Omitted Defenses (docket # 14) is DENIED.

IT IS FURTHER ORDERED that defendant S.K.B.'s Motion to Dismiss Cross-Claimant's Cross-Claim for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, and Insufficiency of Service of Process (docket # 20) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss Cross-Claimant's Cross-Claim for Lack of Subject Matter Jurisdiction made by defendants R.R.B. and L.G.B. (docket # 23) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss for Lack of Subject Matter Jurisdiction made by defendants R.R.B. and L.G.B. (docket # 29) is DENIED.

IT IS FURTHER ORDERED that plaintiff Safeco's Motion to Dismiss or, in the Alternative, Sever Counterclaims (docket # 30) is DENIED.

IT IS FURTHER ORDERED that plaintiff Safeco shall have fifteen days to file a Second Amended Complaint, which Second Amended Complaint must be identical to its First Amended Complaint except that the following language will appear in the Second Amended Complaint in lieu of paragraphs I and III of the First Amended Complaint:

Plaintiff Safeco Insurance Company of America is a Washington corporation, incorporated in and under the laws of the State of Washington, with a home office and principal place of business located in Seattle, Washington, fully authorized and licensed to engage in the sale of general and liability insurance in the State of Nevada.

Defendant Employers Fire Insurance Company is a Massachusetts corporation, incorporated in and under the laws of the State of Massachusetts, with a home office and principal place of business located in Boston, Massachusetts, fully authorized and licensed to engage in the sale of general and liability insurance in the State of Nevada.

IT IS FURTHER ORDERED that, if plaintiff Safeco fails to file a Second Amended Complaint as described immediately above, the Court will dismiss this action for lack of subject matter jurisdiction.