921 F.2d 278
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Allen MULHOLLAND, Administrator of the Estate of Lorene
Mulholland, Deceased, On behalf of the Widower and
next of kin, Plaintiff-Appellant,
v.
AAA FOOD SERVICE, INC., Defendant-Appellee.
 No. 89-3492.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 13, 1990.*
Decided Dec. 28, 1990.
Rehearing Denied Feb. 5, 1991.
 
 Before BAUER, Chief Circuit Judge, and FLAUM and MANION, Circuit Judges.
 
 ORDER
 
 1
 Allen Mulholland appeals from the district court's denial of his motion to remand this cause after it was removed from state court pursuant to 28 U.S.C. Sec. 1446(b). We re and remand.
 
 
 2
 On February 16, 1982, Lorene Mulholland, her son, Randall Mulholland (Ranc and Elizabeth Connoyer were passengers in an automobile being driven by Dana R Lorene and Elizabeth were killed when the automobile collided with a truck driven Donald Vance, an employee of AAA Food Service, Inc. (AAA).
 
 
 3
 On May 12, 1982, Allen Mulholland (Allen), Lorene's widower, Randall, and C Connoyer, Elizabeth's widower, filed a complaint in the Circuit Court for the Twentieth Judicial Circuit for St. Clair County, Illinois, naming AAA Food Service, Inc., Donald Van and Dana Rudy as defendants. At the time the complaint was filed, Allen was a citizen Illinois, and Cyril Connoyer was a citizen of Missouri. Because he was a minor, Allen filed suit on Randall's behalf as his father and next friend. All of the defendants were citizens of Missouri. Consequently, at the time of filing, there was not complete diversity of citizenship.
 
 
 4
 Subsequently, Donald Vance and Dana Rudy were dismissed from the case. On January 4, 1988, Cyril Connoyer was dismissed. On January 9, 1989, Randall, who by now had reached majority and was a named plaintiff, was also dismissed. Also on January 9, 1989, AAA filed a petition for removal, alleging that at the time the complaint was filed that Randall was a resident of Missouri and consequently that complete diversity first existed on January 9, 1989, when Randall was dismissed. On January 19, 1989, Allen filed a motion to remand the cause to state court, alleging that at the time the complaint was filed Randall was a citizen of Illinois and consequently that diversity first existed on January 4, 1988 when Cyril Connoyer was dismissed; therefore, Allen argued that AAA's petition for removal was not timely. The district court denied Allen's motion to remand and a subsequent motion to reconsider. After a jury trial, the district court entered judgment in favor of AAA and against Allen on October 20, 1989. Allen timely filed a notice of appeal on November 9, 1989.
 
 
 5
 AAA filed its petition to remove the cause pursuant to 28 U.S.C. Sec. 1446(b) which provides in pertinent part:
 
 
 6
 If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.
 
 
 7
 Thus, Sec. 1446 requires that the petition for removal be filed within thirty days after the case becomes removable. This is further qualified by the requirement that the case be removed no more than one year after commencement of the action. We first address the thirty-day requirement. Whether AAA timely filed its petition within the thirty-day limit turns on whether Randall was a citizen of Missouri or Illinois at the time the complaint was filed.
 
 
 8
 In the spring of 1981, Allen and Lorene Mulholland moved from Missouri to Illinois. After the school year ended, Randall joined his parents in Illinois. Randall did not adjust well to his new school in Illinois and, so that he might finish high school in Missouri, went to live with an aunt there. Allen, however, continued to provide for all of Randall's expenses including room, board, books, tuition and fees. Allen took an exemption for Randall on his 1981 income tax return. Randall spent school vacations and summers with his parents in Illinois. Randall did, however, receive a Missouri driver's license and pay Missouri income taxes. In addition, in the application to return to the high school in Missouri, his residence with his aunt was described as a "permanent arrangement."
 
 
 9
 Allen emphasizes that it is citizenship, not residency, that is determinative in deciding whether there is diversity. Allen argues that Randall was an unemancipated minor at the time the suit was filed, and as such was domiciled in Illinois where his father lived. Allen contends that there is nothing in the record to indicate that Randall did anything to change his domicile and that merely attending school in Missouri was not sufficient to show an intention to remain there indefinitely. Consequently, Allen argues that diversity first existed on January 4, 1988, after Cyril Connoyer was dismissed and that AAA's petition was not timely filed.
 
 
 10
 AAA emphasizes that Randall only lived with his parents in Illinois for three months during 1980, that he was living with his aunt in Missouri on a permanent basis, that he held a Missouri driver's license, and that he paid Missouri state income taxes. AAA contends that this is sufficient evidence to indicate that Randall adopted a domicile independent of his parents. Consequently, AAA argues that diversity first existed when Randall was dismissed on January 9, 1989, and that its petition for removal, filed the same day, was timely.
 
 
 11
 Domicile for diversity purposes is established by a showing of (1) physical presence; and (2) and intent to remain indefinitely. Holmes v. Sopuch, 639 F.2d 431, 433 (8th Cir.1981). Because the law considers minors legally incapable of forming the requisite intent to regard a place as home, the general rule is that a minor takes the domicile of his parents. See Dunlap v. Buchanan, 741 F.2d 165, 167 (8th Cir.1984); see also Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027, 1030 (1st Cir.1988). We also note the exception to the general rule that a minor may be shown to have adopted an independent domicile. See Dunlap, 741 F.2d at 167.
 
 
 12
 Citizenship for purposes of diversity is a mixed question of law and fact, but the factual issues predominate. See Holmes, 639 F.2d at 434. We must determine whether the decision of the district court was clearly erroneous. See id.; Appelt v. Whitty, 286 F.2d 135, 137 (7th Cir.1961). The district court held a hearing at which the parties argued the issue of domicile, but there is no transcript of the hearing in the record on appeal. The district court entered a minute order, but it does not contain any express factual findings. This hampers our review of this issue.
 
 
 13
 There is authority for the proposition that minors retain their parents' domicile when they attend school in a different state. See Dunlap, 741 F.2d at 167; Safeco Ins. Co. v. Mirczak, 662 F.Supp. 1155 (D.Nev.1987); see also Scoggins v. Pollock, 727 F.2d 1025, 1028 (11th Cir.1984) (student of age of majority in South Carolina retained Georgia domicile where student was undecided about future plans and had no intent to remain in South Carolina indefinitely); Holmes, 639 F.2d at 434 (student did not establish new domicile in Ohio because he only intended to remain there for duration of his studies). The determinative factor in these cases is whether the parents continued in their parental roles to support and control the minor child. Compare Dunlap, 741 F.2d at 167 and Safeco, 662 F.Supp. 1155 (child attending school in another state took parents' domicile where parent retained responsibility for support and education of child and for exercising parental control over child) with Linville v. Price, 572 F.Supp. 345 (S.D.W.Va.1983) (child took domicile of aunt and uncle who supported and educated child who never lived with parents for any extended period) and Elliot v. Krear, 466 F.Supp. 444 (E.D.Va.1979) (similar).
 
 
 14
 The burden in this case is on AAA to show that there was sufficient evidence that Randall had a domicile independent of his parents. See Wojan v. General Motors Corp., 851 F.2d 969, 974 (7th Cir.1988); Safeco, 662 F.Supp. at 1156. Allen and Lorene remained financially responsible for Randall's support and education and continued to exercise parental control over him. Other than to sign the application to enable Randall to return to the Missouri high school, there is no indication that Randall's aunt assumed any responsibility for him. Allen paid all of his son's expenses. Lorene often visited her son on weekends as she was doing on the weekend of the fatal accident. Randall returned home for school vacations and summers.
 
 
 15
 The facts that Randall held a Missouri driver's license and paid Missouri income taxes on money he earned in an after-school job are not dispositive. That Randall engaged in these activities, common to many sixteen-year olds, does not establish that Randall possessed sufficient discretion and competence to care for himself and to acquire a domicile of his choice. See Appelt, 286 F.2d at 137); Spurgeon v. Mission State Bank, 151 F.2d 702, 705 (8th Cir.1945), cert. denied, 327 U.S. 782 (1946). Therefore, we conclude that, at the time the complaint was filed, Randall was a domiciliary of Illinois. Consequently, complete diversity of citizenship existed on January 4, 1988. AAA did not file its petition for removal within thirty days of when the case first became removable, and the district court was without jurisdiction to hear this case. Accordingly, we reverse the judgment of the district court in favor of defendant and against plaintiff and order that the cause be remanded to the Circuit Court for the Twentieth Judicial Circuit for St. Clair County, Illinois.
 
 
 16
 REVERSED and REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs